MAX N. TOBIAS, JR., J.
hln this case involving the award of a public construction contract, Hamp’s Construction, L.L.C. (“Hamp’s”) seeks reversal of the trial court’s judgment (a) granting a preliminary injunction in favor of Dynamic Constructors, L.L.C. (“Dynamic”) prohibiting the Plaquemines Parish Government (“PPG”) from awarding a demolition contract to any entity other than Dynamic, the low bidder on a proposed public project, (b) issuing a writ of mandamus ordering the PPG to award the contract to Dynamic, and (c) dismissing, with prejudice, Hamp’s petition of intervention. For the following reasons, we reverse the trial court judgment on the ground that Dynamic failed to comply with both the express requirements of Louisiana’s Public Bid Law, La. R.S. 38:2212 et seq., and the bid instructions.
FACTS AND PROCEDURAL HISTORY
This litigation arises out of the advertisement for bids by the PPG regarding a contract for the demolition and stabilization of the Plaquemines Parish courthouse located in Pointe-a-la-Hache (“the Contract”). The facts are not in dispute. Bids for the Contract were opened on 18 November 2014, and Dynamic was determined to be the lowest responsive bidder. Prior to being formally awarded the Contract, however, Hamp’s entered a bid protest challenging the |2responsiveness of Dynamic’s bid on the basis that Dynamic’s bid failed to comply with both the advertised bid instructions and with the requirements of the Public Bid Law, including inter alia: (1) failure to attach written evidence of authority of the person signing the bid on behalf of Dynamic, and (2) failure to provide a list of the names and addresses of each member of Dynamic’s limited liability company. Finding merit to the information supplied by Hamp’s in its bid protest, the PPG notified Dynamic on 16 December 2014 that its initial notice of award to them was being rescinded on the basis that Dynamic’s bid was non-responsive to the requirements of the advertised bid specifications because the bid did not contain written evidence of authority allowing Jeffrey R. Hymel, a member of Dynamic, to execute the bid on Dynamic’s behalf. Thereafter, PPG notified Hamp’s, the third lowest bidder on the demolition and stabilization project, that it was being awarded the Contract.
Taking the position that no irregularities existed in its bid proposal, Dynamic initiated the instant action on 18 December 2014 by filing an ex parte petition for a temporary restraining order seeking to restrain the PPG from taking any action in furtherance of awarding the Contract to any other bidder except Dynamic. On the same day, Dynamic also filed a petition for preliminary injunction[1] *1242 and writ of ^mandamus[2], seeking to enjoin the PPG from executing the Contract with any entity other than Dynamic, and an order compelling the PPG to award the Contract to Dynamic. Hamp’s intervened in the proceedings on 30 December 2014, filed memoranda supporting the PPG and opposing Dynamic, and appeared at trial.
The trial court granted the temporary restraining order requested by Dynamic and set the matter for contradictory hearing, which was held on 7 January 2015. Written reasons for judgment were issued by the trial court on 27 January 2015 in favor of Dynamic finding that the limited liability company had complied with the requirements of the Public Bid Law because the signature of Mr. Hymel as “Jeffrey R. Hymel, Jr., ‘owner’ of Dynamic,” was “sufficient under the law to qualify Mr. Hymel to sign the bid.” In accordance with its written reasons, the trial court rendered a judgment on 19 February 2015, granting Dynamic’s request for a preliminary injunction and writ of mandamus, ordering PPG to award the Contract for the demolition project to Dynamic, and dismissing Hamp’s intervention. From that judgment, Hamp’s suspensively appealed.[3]
ISSUE PRESENTED FOR REVIEW
The dispositive issue on appeal turns on whether, under both the mandates of the Public Bid Law (ie., La. R.S. 38:2212 B(2) and (5)) and the requirements of |4the bid instructions (¿a, Sections 1 A(2)[4] and 1 C(2)[5]), the signature of Jeffrey R. Hymel, *1243 who is listed as a member of Dynamic on the most current business records on file with the Louisiana secretary of state, was sufficient “written evidence of [his] authority” to sign the bid on Dynamic’s behalf.
STANDARD OF REVIEW
This case involves issues regarding statutory interpretation which are reviewed on appeal de novo. See Chapital v. Harry Kelleher & Co., Inc., 13-1606, p. 7 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 82. In ABL Management, Inc. v. Board of Supervisors of Southern University, 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135, the supreme court stated that courts are to presume that “every word, sentence or provision in the statute was intended to service some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used.” Moreover, the Legislature is “presumed to have enacted each statute with deliberation and with full knowledge of all existing laws lson the same subject.” Id. Finally, the legislature is presumed to have enacted each statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes. Where the new statute is “worded differently from the preceding statute, the legislature is presumed to have intended to change the law.” Hamp’s Constr., L.L.C. v. City of New Orleans, 05-0489, p. 4 (La.2/22/06), 924 So.2d 104, 107.
DISCUSSION
Louisiana’s Public Bid Law, found at La. R.S. 38:2212 et seq., governs the manner by which all contracts for public works are to be awarded. It is a law which was enacted in the interest of the taxpaying citizens and has for its purpose their protection against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices. Haughton Elevator Div. v. State Div. of Admin., 367 So.2d 1161, 1164 (La.1979); Concrete Busters of Louisiana, Inc. v. Board of Com’rs of the Port of New Orleans, 10-1172, p. 4 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 486. In enacting the Public Bid Law, the legislature has specifically prescribed the conditions under which the state will permit public work to be done on its behalf or on behalf of its political subdivisions. See Hamp’s Constr., L.L.C. v. The City of New Orleans, p. 4, 924 So.2d at 107. In the words of our Supreme Court, it is “a prohibitory law founded on public policy,” Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth., 04-0211, 04-0212, p. 6 (La.3/18/04), 867 So.2d 651, 656, and is to be strictly construed. Id., pp. 8-9, 867 So.2d at 657; Command Constr. Indus., L.L.C. v. City of New Orleans, 13-0524, 13-0525, pp. 6-10 (La.App. 4 Cir. 10/23/13), 126 So.3d 716, 720-722.
| r,Given the nature of the political mandate, a political entity such as the PPG has no authority to take any action that is inconsistent with the Public Bid Law. Broadmoor, L.L.C, p. 6, 867 So.2d at 656. Specifically, “the requirements of the Public Bid Law, the advertisement for bids and'the bid form shall not be waived by any public entity.” Hamp’s Constr., L.L.C., p. 9, 924 So.2d at 110. [Emphasis supplied in the original].
La. R.S. 38:2212 B(l) provides:
*1244 (1) The provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity.
As a further effort to specify the prescribed conditions relating to the letting of public works contracts, a Louisiana Uniform Bid Form was promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control, pursuant to the mandate of La. 38:2212, which provides, in pertinent part:
(2) Any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control. The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: ... Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or'Joint Venture, Corporate Resolution or written evidence of the authority of the person signing the bid, and Louisiana Contractors License Number....
(5) Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:
(a) The signature of the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a ... limited liability \gCompahy ... or other legal entity listed in the most current business records on file with the secretary of state.
(b) The signature on the bid is that of an' authorized representative as documented by the legal entity certifying the authority of the person.
(c) The legal entity has filed in the appropriate records of the secretary of state of this state, an affidavit, resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of state shall remain in effect and shall be binding upon the principal until specifically rescinded and canceled from the records of the office.
La. R.S. 38:2212 B(2) and (5) • [emphasis supplied].[6]
*1245 Relying on La. R.S. 38:2212 B(5)(a), which provides that the signature of the person submitting the bid shall be deemed sufficient if it is the signature of any member of a limited liability company listed in the most current business records on file with the Secretary of State, Dynamic contends Mr. Hymel’s signature was legally sufficient and no other written evidence of his authority was required. Moreover, Dynamic contends that the Public Bid Law does not require that the |Rbidder provide the pertinent records of the secretary of state as a part of the bid, only that the person signing the bid be, in fact, a member of the business entity submitting the bid. We disagree.
Our review of the bid instructions and the applicable provisions of the Public Bid Law, when read in pari materia, lead us to conclude that Dynamic was required, at the opening of the bid, to present some form of written evidence or documentation (ie., a copy of the company’s current business record on file with the Secretary of State) substantiating that Jeffrey Hymel was, in fact, a member of the limited liability company and, thus, had the requisite authority to sign the bid on Dynamic’s behalf. This interpretation is in accord with the Legislature’s amendment to La. R.S. 38:2212 in 2014, which previously had not required “written evidence of the authority of the person signing the bid” on behalf of the bidder to be submitted “at the time ... for bid opening.” To conclude otherwise would deem those words added by the Legislature in 2014 to be superfluous or without meaning or effect. Clearly, in rewording the statute, the Legislature intended to change the law and to now require, at the time of the opening of the bid, written evidence of the authority of the person signing the bid on the bidder’s behalf. See Hamp’s Constr., L.L.C. v. City of New Orleans, p. 4, 924 So.2d at 107.
Consequently, we hold that Dynamic’s failure to include written evidence of Mr. Hymel’s authority to sign the bid on Dynamic’s behalf violates both the specific requirements of the Public Bid Law and the bid instructions published by the PPG. PPG’s instructions warned the bidders that failure to submit written evidence of the authority of the person signing the bid on behalf of the bidding entity at the time of the bid opening would result in rescinding of any notice of |flaward.[7] The Public Bid Law specifically prohibits the public entity from waiving any provision or requirement of the Public Bid Law or those contained in the bidding documents. Dynamic’s failure to comply with the provisions and requirements of the Public Bid Law and the PPG’s bid instructions mandated that the PPG rescind the notice of award to Dynamic. The trial judge erred as a matter of law in concluding otherwise.
CONCLUSION
For the foregoing reasons, we find the PPG properly rescinded the initial award of the Contract to Dynamic in accordance with La. R.S. 38:2212 B(2) and (5), based on Dynamic’s failure to present written evidence of the authority for Jeffrey Hy-mel to sign the bid proposal on Dynamic’s behalf at the time of the bid opening in violation of Sections 1 C(l)(2) of the “Instructions to Bidders.” Accordingly, we reverse the trial court’s judgment granting Dynamic’s preliminary injunction and writ of mandamus and dismissing Hamp’s intervention, and remand the matter for further proceedings as may be deemed necessary.[8]

REVERSED AND REMANDED.

. The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant. La. C.C.P. art. 3601. During the pendency of an action for injunction, the court may issue a temporary restraining order, a preliminary injunction or both. Arco Oil & Gas Co. v. DeShazer, 98-1487, p. 3 (La.1/20/99), 728 So.2d 841, 843. A preliminary injunction may be granted pending trial on the merits of a permanent injunction in order to preserve preexisting status of the parties. Metro Riverboat Associates, Inc. v. Bally’s Louisiana, Inc., 97-1672, p. 10 (La.App. 4 Cir. 1/14/98), 706 So.2d 553, 558-559. The purpose of the preliminary in *1242 junction is to preserve status quo until trial on the merits; on the other hand, a permanent injunction can be issued only after a full trial on the merits in which the burden of proof is by a preponderance of the evidence. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth., 04-0211, 04-0212, p. 5 (La.3/18/04), 867 So.2d 651, 655. In this case, the trial court held a show cause hearing and ruled on Dynamic’s petition for preliminary injunction and writ of mandamus. Nothing contained in the record on appeal indicates that a trial has been held on the permanent injunction.

.La. C.C.P. art. 3861 defines mandamus "as a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.” Under the provisions of Article 3863, a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. A writ of mandamus is "an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief.” A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755, p. 8 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 459 quoting (Hoag v. State, 04-0857, p. 6 (12/1/04), 889 So.2d 1019, 1023). The remedy "must be used sparingly ... to compel action that is clearly provided by law.” Hamp’s Const., L.L.C. v. Hous. Auth. of New Orleans, 10-0816, pp. 3-4 (La.App. 4 Cir. 12/01/10), 52 So.3d 970, 973. “Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised.” Id., p. 4, 52 So.3d at 973.

. The PPG has taken no position in this case on appeal.

. Section 1 A(2) provides that "[a]ll bids submitted are subject to these instructions and general conditions and any special conditions and specifications contained herein, all, of which are made part of this bid proposal.”

. Section 1 C(l) and (2) relative to the "signing” of the bid provide:
(1)' The Proposal shall be properly signed with ink by the Bidder. If the Bidder is an individual, his name and his post office address should be shown; if a firm or partnership, the name and post office address of each member of the firm or partnership should be shown; if a joint venture, the name and post office address of each member or officer of the firm represented by the joint venture should be shown; if a corporation, the name of the corporation and business address of its corporate officials should be shown; and if a limited liability company, the name and business address of each managing member should be shown.
*1243 (2) Evidence of agency, corporate, or partnership authority shall he submitted to Plaquemines Parish Government upon submission of the bid. Failure to do so shall result in rescinding of the notice of award. [Emphasis supplied].
We further note that Section 4 B(8) of the bid instruction further provides that the PPG reserved the right to reject any bid if "[t]he bid form is not properly signed or the authority to sign of the person submitting the bid is deemed insufficient or unacceptable.”

. The Legislature amended La. R.S. 38:2212 in 2014. Specifically, Acts 2014, No. 759, 1, inserted "and responsive” in the section heading ("Advertisement and letting to lowest responsible and responsive bidder; public work; electronic bidding; participation in mentor-protégé program; exemptions”), and rewrote the entire section. The prior statute previously read, in pertinent part:
A. (l)(b)(ii)(aa) The division of administration, office of facility planning and control, shall develop and prescribe through the promulgation of rules and regulations in accordance with the Administrative Procedure Act the bid form necessary to obtain the information and to implement the sections of the bid form provided for in this Item to be utilized for the public bid of public works projects. The bid form developed shall require only the information necessary to determine the lowest bidder and the following sections and information: ... Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution, and Louisiana Contractors License Number ...
l(c)(i) Evidence of agency, corporate, or partnership authority shall be required for submission of a bid to the division of administration or the state of Louisiana....

. See Section I(4)(B)(8) of the bidding instructions.

. In its prayer on appeal, Hamp's does not ask for a remand, but rather, states only that "the Judgment of [PPG] to reject the Dynamic bid was correct, the Judgment ... in the Court below was in error, and should be reversed.” In the event additional action in the trial court is deemed necessary, out of an abundance of caution, we remand the matter.