KNOLL, J.,
would grant.
Jjl am providing reasons for why I would grant this writ, as I think it presents an important issue of statutory interpretation. I find the Court of Appeal erred in reversing the District Court’s judgment ordering the Plaquemines Parish Government (“PPG”) to grant the public bid contract at issue to plaintiff, Dynamic Constructors, L.L.C. (“Dynamic”).- In this case, PPG advertised for bids for, the demolition and stabilization,- of the Plaquemines Parish Courthouse. Dynamic was the low bidder. Hamp’s Construction, L.L.C. (“Hamp’s”) entered a bid protest, challenging Dynamic’s-bid’s compliance with the Public Bid Law .and the bid instructions for failure to attach written evidence of authority of the person signing the bid on behalf of Dynamic and for failure to provide-a list of names and addresses .of each member of Dynamic’s limited liability company. PPG notified Dynamic its bid was non-responsive because it did not contain written authority allowing Jeffrey R. Hymel, a member of Dynamic, to sign the bid on Dynamic’s behalf. 'Hamp’s, the third lowest bidder, has been notified it will be awarded the contract.
Dynamic filed suit for a temporary restraining order to prevent PPG from taking any action in furtherance of awarding the contract to any .other bidder. | .¿Dynamic also filed a petition for prelimi-. nary injunction and writ of mandamus, seeking to enjoin- the PPG from executing the contract .with any other bidder and seeking to compel PPG to award the contract to Dynamic. Hamp’s intervened in the proceedings, filing memoranda in opposition to Dynamic and appearing at trial.
The District Court granted the temporary restraining order. After a contradictory hearing, the District Court issued written reasons for judgment finding Dynamic had complied with the requirements of the Public Bid.-Law, as the signature of Mr. Hymel as “Jeffrey R. Hymel, Jr., ‘owner’ of Dynamic,” was/‘sufficient under law to qualify Mr. Hymel to sign the bid.” Accordingly, the District Court granted *563 Dynamic’s request for preliminary injunction and writ of mandamus and dismissed Hamp’s intervention.
On appeal, the Fourth Circuit reversed the District Court, finding the Legislature in 2014 had clearly amended the statute at issue, La. R.S. § 38:2212, “to now require, at the time of the opening of the bid, written evidence of the authority of the person signing the bid on the bidder’s behalf.” I disagree, finding this requirement inapplicable in the present case.
This matter turns primarily on; the interpretation of two sections of La. R.S. § 38:2212, which sets out the provisions for advertising and letting public works contracts. The first section is La. R.S. § 38:2212(B)(2), which states in pertinent part:
The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution or written evidence of the authority of the person signing the bid, and Louisiana Contractors License Number, and on public works' projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, , unless the unit prices and their extensions are' incorporated into the base bid or alternates.
laCEmphasis added).
The highlighted portions of the above statute were added by Act 759 of the 2014 Legislative session. The other relevant portion, La. R.S. § 38:2212(B)(5), was significantly amended thusly:
(eXi) (5) Evidence Written evidence of agenc-y-i-corporatev-or-'-partnership the authority of the person signing the bid for public works shall be required-for submission-of-a-bid-te-the division--of administration-or-the-state ofLouisiana submitted at the time of bidding. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:
(aa) (a) The signature on the bid is that of any corporate officer listed , on the most current annual report on file with the secretary of state, or the signature on the .bid is that of any member of a partnership or partnership-in-eommendam, limited liability company, limited liability partnership, or other legal entity listed in the most current partnership business records on file with the secretary of state.-
•(fete) (b) The signature on the bid is that of an authorized representative of legal-entity-and-tho-bid' is accompa-aied-by-a-aosperate-resolutiony-certifi-cation-ag-te-the-eerporate principah-or other-doau-ments-indicating-authortty whkh-ara-aoceptable-to -the- public-entity as documented by the legal entity certifying the authority of the person.
(cc) (c) Theof-otte legal entity-has filed in the appropriate records of the secretary of state of this state in-whloh — the resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of *564 state shall remain in effect and shall be binding upon the principal -until specifically rescinded and canceled from the records of the office.
Acts 2014, No. 759, § 1, eff. Aug. 1, 2014.
Although the rule articulated in this statute was clearly amended to require “written evidence” of authority “submitted at the time of bidding” in the first sentence, the second sentence invokes a list of conditions under which the authority of the signature “shall be deemed sufficient and acceptable.” When there is a conflict I ¿between two statutory provisions,' the statute specifically directed to the matter at issue must prevail as an exception to the more general rule. LeBreton v. Rabito, 97-2221. (La.7/8/98), 714 So.2d 1226, 1229; Kennedy v. Kennedy, 96-0732 (La.11/25/96), 699 So.2d 351, 358. Thus, I find the signature on the bid at issue here was valid for purposes of Public Bid Law, as the authority of the signature is “deemed sufficient and acceptable” when the signer, as is the case here, is listed as a member of Dynamic in the current records of the Secretary of State.
The Court of Appeal states the above interpretation of the law renders the Legislature’s 2014 amendments requiring “written evidence” superfluous or meaningless. I disagree. If Mr. Hymel were not a member of Dynamic as reflected in the records of the Secretary of State, Dynamic would clearly need “written evidence” in order for its bid to be responsive. Furthermore, if the Legislature had wanted to specify a copy of the Secretary of State’s records must be submitted at the time of the bid, it could have easily done so during the amendment process.
Finally, I do not find Dynamic violated PPG’s bid instructions. Section 1 C(l) and (2) of the bid instructions, relative to the “signing” of the bid provide:
(1) The Proposal shall be properly signed with ink by the 'Bidder. • If the Bidder is an individual, his name and his post office address should be shown; if a firm or partnership, the name and post office address of each member of the firm or partnership should be shown; if a joint venture, the name and post office address of each member or officer of the firm represented by the joint venture should be shown; if a corporation, the name of the corporation and business address of its corporate officials should be shown; and if a limited liability company, the name and business adr dress of each managing member should be shown.
(2) Evidence of agency, corporate or partnership authority shall be submitted to Plaquemines Parish Government upon submission of this bid. Failure to do so shall result in rescinding of the notice of award.
Hamp’s alleges Dynamic failed to provide the name and business address of each managing member; however, I note this information is not included in the exclusive list of permissible information to be required found in La. R.S. Ik§ 38:2212(B)(2). Therefore, this requirement is not permissible under Public Bid Law. Hamp’s also alleges Dynamic failed to provide the required “[ejvidence of agency, corporate or partnership authority; ” however, I find this provision does not apply to Dynamic, which is a limited liability company rather than an agency, corporation, or partnership. Thus, I find Dynamic’s bid was responsive to both Public Bid Law and PPG’s bid instructions, and I would reverse the Court of Appeal and reinstate the District Court’s judgment in favor of Dynamic.