JENKINS, J.,
dissents with reasons.
|i Because I find that TKTMJ was a responsive bidder, I respectfully dissent. The non-waiver provisions of Louisiana’s Public Bid Law, which are set forth in La. R.S. 38:2212(B)(1), are not applicable to this case.
It is well settled that the provisions and requirements of the Public Bid Law, as well as those provisions and requirements stated in the bid documents, shall not be waived by any public entity. La. R.S. 38:2212(B)(1); Dynamic Constr., L.L.C. v. Plaquemines Parish Gov’t, 2015-0271, p. 6 (La.App. 4 Cir. 8/26/15); 173 So.3d 1239, 1243-44, writ denied, 2015-1782 (La.10/30/05); 178 So.3d 562 (citing Hamp’s Constr., L.L.C. v. City of New Orleans, 2005-0489, pp. 1-2 (La.2/22/06); 924 So.2d 104, 105).
This appears to be an issue of first impression regarding the statutory interpretation of the “provisions” language in R.S. 38:2212(B)(1), in that Louisiana decisions have addressed the “requirement” language.
The term “bid documents” is defined in La. R.S. 38:2211(A)(2) as: (1) bid notice; (2) plans and specifications; (3) bid form; (4) bidding instructions; (5) addenda; (6) special provisions; and (7) all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract.
The bid instructions in the City’s Invitation to Bid state as follows: [¡/‘Submission Package: EITHER: SEALED ENVELOPE bearing the Proposal Number & Louisiana State Contractor’s License Number OR ONLINE AT http://http:// purchasing.nola.gov/bsoAogin.jsp” AND “Failure to satisfy bid instructions may render bids non-responsive and remove them from the competition” (emphasis added).[1]
The majority opinion asserts that the City cannot waive the first provision in its Invitation to Bid that directs the bidders to include the proposal number on the face of the sealed envelope. This provision, however, cannot be read in isolation. It is limited by the second provision in the Invitation to Bid. Read in conjunction with each other, the non-waivable provisions in the Invitation to Bid that relate to the inclusion of the proposal number are: (1) the proposal number be included on the face of the envelope; and (2) the failure to include the proposal number does not automatically render the bid non-responsive.
By awarding the project to TKTMJ, the City did not deviate from these provisions governing the inclusion of the proposal number in the bids. To the contrary, because the bid instructions do not make the inclusion of the proposal number mandatory, the non-waiver provisions of La. R.S. 38:2212(B)(1) do not apply.
The majority opinion states that the Invitation to Bid clearly requires that the bid envelope contain the proposal number. Its reliance on Barriere Constr. Co. v. Terrebonne Parish Consol. Gov’t., 1999-2271 (La.App. 1 Cir. 2/18/00); 754 So.2d 1123, is misplaced. In Barriere, the First Circuit held that the bidder’s failure to note the proposal number on the bid envelope, which was an express requirement under the “General Bidding Requirements” and the “Standard Specifications,” rendered the bid non-responsive.
*573 Is Unlike Barriere, there is no express requirement in any of the City’s bid documents that the bidder’s sealed envelope bear the proposal number. In the City’s Invitation to Bid, the only required content for a bid is that it: (1) be typed or printed: (2) contain a copy of a corporate resolution if someone other than an officer signs for the bidder; (3) include the bidder’s license number on the face of the sealed envelope [2]; and (4) contain a bid bond.
In the City’s Plans and Specifications for the bid, the project is identified only as “Project No. 2012-FEMA-1C-2A” and “PW 17124.” The Plans and Specifications do not identify the proposal number and do not require that the sealed envelope bear the proposal number. Moreover, the Plans and Specifications state that bids containing omissions or irregularities of any kind “may be rejected.”[3] Again, because the Plans and Specifications do not require the rejection of bids that omit the proposal number as non-responsive, the non-waiver provisions of La. R.S. 38:2212(B)(1) do not apply
The City’s Bid Form for this project also identifies the project only as “Project No. 2012-FEMA-1C-2A” and “PW 17124.” The Bid Form has no requirement that the sealed envelope bear the proposal number. Once more, the statute’s non-waiver provisions do not apply.
Because the inclusion of the proposal number is not expressly required under the provisions of the bid documents, the non-waiver provisions of La. R.S. 38:2212(B)(1) do not apply.
Durr argued that Attorney General Opinion No. 0351 supports its position. As with Barriere, that Opinion is distinguishable because in that case an addendum to the plans and specifications expressly required that the presumptive low bidder |4note on the outside of the bid envelope that it had received the addendum and that its bid reflected these changes.
Here, Durr does not specify any addenda, special provisions, or written instruments prepared by the City that require the identification of the proposal number on the sealed envelope. Hence, there are no bid documents that require the inclusion of the proposal number on the face of the sealed envelope containing TKTMJ’s bid package. Thus, there are no non-waivable defects in the bid that would preclude the City from approving TKTMJ as the lowest responsive bidder.
The Louisiana Supreme Court’s opinion in Harwp’s does not require a different conclusion. In Ham/p’s, the Supreme Court properly concluded that, because the City’s bid documents unambiguously required attachment of the Invitation to Bid to the submitted bid, a bidder’s failure to satisfy that requirement could not be waived. Ham/p’s, 05-0489, pp. 9-10; 924 So.2d at 110-11. Here, nothing in the bid documents expressly mandated the inclusion of the proposal number on the face of the bid envelope. As recognized by Judge Knoll in her concurring opinion in Hamp’s, this is not a waiver case because the bid documents and the law did not require that the bid envelope bear the proposal number. Hamp’s, 05-0489, p. 10; 924 So.2d at 111-12 (Knoll, J., concurring with extra reasons).
The City’s conclusion that TKTMJ was the lowest responsive bidder also fully comports with the policy considerations *574 behind the non-waiver provision of the Public Bid Law.
When a public entity elects to place certain requirements in its bid documents, that entity is bound by those requirements and may not choose to waive them at a later date. Hamp’s, 2005-0489, p. 9; 924 So.2d at 110. This prohibition on waiver furthers the public interest because it prevents a public entity from employing favoritism by specifying certain requirements in its bid documents Land later changing those requirements to accept alternate or substitute proposals. Id.
These public policy concerns are not undermined here because the City did not unambiguously require a bidder to include the proposal number on the sealed envelope, and then waive that requirement. Giving effect to all relevant provisions in the Bid Invitation, this was not a requirement at all. Accordingly, there were no requirements to be waived for TKTMJ to be deemed a responsive bidder.
The majority opinion agrees that the Public Bid Law seeks to advance “the interest of the taxpaying citizens” by protecting against the award of contracts “involving exorbitant and extortionate prices.” Dynamic Constructors, 2015-0271, p. 4; 173 So.3d at 1243. The majority opinion’s statutory interpretation of the term “provision” in La. R.S. 38:2212(B)(1) undermines that policy consideration because it disqualifies the low bidder, TKTMJ, based on the faulty conclusion that the Bid Invitation required the inclusion of the proposal number on the bid envelope, which could not be waived by the City. This interpretation leads to an absurd result, in that it enjoins the City from awarding the contract to the lowest responsive bidder, thereby forcing the City to incur significant additional costs and requiring its citizens to endure an unnecessary delay in completion of an important public works project. La. State Bd. Of Med. Exam’rs v. Bertucci, 593 So.2d 798, 801 (La.App. 4th Cir.1992). The only reasonable interpretation is that the City properly awarded the contract to the lowest responsive bidder, TKTMJ.
For these reasons, I would find that the City properly decided that TKTMJ was the lowest responsive bidder under the Louisiana Public Bid Law, and affirm the trial court’s July 30, 2015 judgment denying Durr’s request for a preliminary injunction.

. Although the word "shall” is mandatory, the word "may” is permissive. La.Code Civ. P. art. 5053. The provision regarding the proposal number, therefore, is not mandatory.

. TKTMJ satisfied this requirement by including its contractor’s license number on its bid envelope.

. The majority opinion erroneously states that failure to submit all requested information "will” make a bid irregular and subject to rejection.