STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2021 CA 0524

BOONE SERVICES, LLC

VERSUS

ASCENSION PARISH GOVERNMENT, BRIDGING THE GAP
SOLUTION, LLC[,] AND CLINT COINTMENT

JUDGMENT RENDERED:  **DEC 3 0 2021**

* * * * * * *

Appealed from
The Twenty-Third Judicial District Court
Parish of Ascension • State of Louisiana
Docket Number 130,016 • Division C

The Honorable Katherine Tess Stromberg, Judge Presiding

* * * * * * *

Teresa D. Cop
Craig L. Kaster
Zachary, Louisiana

COUNSEL FOR APPELLEE
PLAINTIFF—Boone Services,
LLC


Kevin James Hawkins
Baton Rouge, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Bridging the Gap
Solutions


* * * * * * *

**BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.**

**WELCH, J.**

Bridging the Gap Solution, LLC ("BTG") appeals a trial court judgment in favor of Boone Services, LLC ("Boone"), which granted Boone's petition for a permanent injunction and enjoined BTG, the Ascension Parish Government ("the Parish"), and Clint Cointment, the Ascension Parish President,[1] from entering into a contract for a specific construction project or from taking any action in furtherance of entering into or awarding the contract for that project.[2] For reasons that follow, we affirm.

## BACKGROUND

On November 4, 2020, Boone filed a Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Declaratory Judgment, and Mandamus, asserting therein that the Parish improperly awarded BTG a contract for a particular construction project identified as New River Channel Improvements Re-Bid, Parish Project No. EAD 15-004 ("the project"). Boone alleged that both BTG and Boone submitted bids for the project, that BTG was the apparent lowest bidder, and that Boone was the second lowest bidder. Boone further alleged that although BTG may have submitted a lower bid than Boone, BTG failed to comply with the bidding requirement that it attend the mandatory pre-bid meeting on September 1, 2020. Boone claimed that as a result of BTG's failure to attend the pre-bid meeting, BTG should have been declared a non-responsible and non-responsive bidder, thereby making Boone the lowest responsive and responsible bidder on the project and entitling it to the award of the contract for the project. Therefore, Boone sought, among other things, a temporary restraining order and in due course, preliminary and permanent injunctive relief

---

[1] Although Boone's petition asserts that Clint Cointment is the "Mayor of Ascension Parish," the record reflects that his correct title is Ascension Parish President.

[2] See La. C.C.P. art. 3612(B) (providing that an appeal may be taken as a matter of right from any order or judgment relating to a preliminary or final injunction).

2

prohibiting BTG and the Parish from entering into a contract for the project or from taking any action in furtherance of awarding the contract for the project.

Upon the filing of the petition, the trial court granted a temporary restraining order. After a hearing, which was held on December 1, 2020, and pursuant to written reasons for judgment signed on December 22, 2020, the trial court granted a preliminary injunction in favor of Boone.[3] Thereafter, the trial court held a hearing on February 11, 2020 with respect to the permanent injunction. On February 12, 2021, the trial court issued written reasons for judgment and signed a judgment in favor of Boone. In the trial court's written reasons, it found that contrary to Boone's allegations in its petition, BTG did in fact have a representative present at the mandatory pre-bid meeting. However, the trial court also found that BTG failed to submit written evidence of the authority of the person that signed the bid, which was a violation of state law.[4] Therefore, the trial court rendered judgment that, among other things, granted Boone's petition for permanent injunction and restrained, enjoined, and prohibited BTG, the Parish, and Mr. Cointment "from taking any action in furtherance of the award of the contract for the project ... including but not limited to signing ... a contract and/or proceeding with any work pursuant to a contract for the [project]."

BTG timely filed a motion for new trial as to the issue of the requirement of written evidence of the authority to sign the bid. Pursuant to written reasons for

---

[3] BTG filed a motion and order to appeal the preliminary injunction; however, it subsequently dismissed that appeal following the rendition and signing of the February 12, 2021 judgment at issue on appeal herein, which granted a permanent injunction.

[4] The issue of whether BTG failed to comply with the bidding requirement that written evidence of the authority of the person signing the bid be submitted at the time of bidding was not raised or pled in Boone's petition seeking injunctive relief, mandamus, and declaratory judgment; rather, it was raised only in its supplemental memorandum in support of its request for relief. While a memorandum is not a pleading, the pleadings may be expanded by issues actually litigated—by express or implied consent of the parties—at trial. See La. C.C.P. arts. 852 and 1154. We note that the record before us contains no objection to Boone's expansion of the pleadings as to this issue and that at the hearing on the preliminary injunction and permanent injunction, both BTG and Boone submitted legal argument and evidence on this issue. Therefore, the trial court was entitled to render judgment granting any relief that was appropriate based on the pleadings and the evidence. See La. C.C.P. art. 862.

3

judgment and a judgment signed on March 2, 2021, the trial court denied the motion for new trial. BTG now appeals the February 12, 2021 judgment, essentially arguing that the trial court erred in issuing a permanent injunction because written evidence of authority to sign the bid was unnecessary under state law, *i.e.* La. R.S. 38:2212(B)(5), and that any such requirement by the Parish was invalid under **Leblanc Marine, L.L.C. v. Division of Administration, Office of Facility Planning and Control**, 2019-0053 (La. 10/22/19), 286 So.3d 391, 396 (*per curiam*).[5]

## LAW AND DISCUSSION

The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. **Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority**, 2004-0211 (La. 3/18/04), 867 So.2d 651, 655; see La. C.C.P. art. 3601. Generally, a party seeking the issuance of a permanent injunction must show, by a preponderance of the evidence, that he will suffer irreparable injury if the injunction does not issue. See **Broadmoor, L.L.C.**, 867 So.2d at 655; La. C.C.P. art. 3601. Injunctive relief may be warranted, however, without the requisite showing of irreparable injury, when the conduct sought to be enjoined is unconstitutional or unlawful, *i.e.*, it violates a constitutional right or a prohibitory law. **Jurisich v. Jenkins**, 99-0076 (La. 10/19/99), 749 So.2d 597, 599.

The Louisiana Supreme Court has held that Louisiana's Public Bid Law, which is set forth in La. R.S. 38:2212, *et seq.*, is a prohibitory law, the violation of

---

[5] Boone and the Parish filed a motion to dismiss BTG's appeal on the basis that Boone had settled its differences with the Parish. However, that motion was denied. See **Boone Services, LLC v. Ascension Parish Government, Bridging the Gap Solution, LLC and Clint Cointment**, 2021-0524 (La. App. 1ˢᵗ Cir. 6/21/21)(*unpublished action on motion*). We also note that Boone has asserted, in its appellee brief, that the issues raised in this appeal may be moot. Therein, Boone points out that due to the inability of the Parish to move forward with the project due to this litigation and due to the recent flooding in Ascension Parish, the Parish had to utilize its own maintenance personnel to address the flooding and drainage issues sought to be rectified by the project. However, the record before us contains no evidence in this regard. Therefore, we decline to address the issue of whether this appeal is moot.

4

which may be remedied with injunctive relief. See **Broadmoor, L.L.C.,** 867 So.2d at 656. Accordingly, to determine if the trial court erred in granting injunctive relief, we must determine whether BTG's bid submission violated Louisiana's Public Bid Law.

Louisiana's Pubic Bid Law is founded on public policy; therein, the legislature specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions. Louisiana's Public Bid Law was enacted in the interest of the taxpaying citizens and has for its purpose the protecting of them against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices. **Broadmoor, L.L.C.,** 867 So.2d at 656. A political entity has no authority to take any action that is inconsistent with Louisiana's Public Bid Law. *Id.*

Louisiana Revised Statutes 38:2212(A)(1)(a) provides that "[a]ll public work exceeding the contract limit ... to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who bid according to the bidding documents as advertised, and no such public work shall be done except as provided in this Part." "The provisions and requirements of [La. R.S. 38:2212] and those stated in the bidding documents shall not be waived by any entity." La. R.S. 38:2212(B)(1). Stated differently, the statutory requirements, advertisement requirements, and bid form requirements, including those included by reference to other documents, must be completely and accurately observed and a bidder's failure to comply with every detail can invalidate the bid. See **Broadmoor, L.L.C.,** 867 So.2d at 658, quoting **Barriere Construction Co., L.L.C. v. Terrebonne Parish Consolidated Government,** 99-2271 (La. App. 1st Cir. 2/18/00), 754 So.2d 1123, writ denied, 2000-0801 (La. 5/5/00), 761 So.2d 546.

Louisiana Revised Statutes 38:2212(B)(2) lists the elements required for a bid submission, and it provides, in pertinent part, as follows:

5

(2) Any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control. *The bidding documents shall require only the following information and documentation to be submitted by the bidder at the time designated in the advertisement for bid opening*: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, *Corporate Resolution or written evidence of the authority of the person signing the bid*, and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates.

(Emphasis added). The element at issue in this appeal concerns the submission of a "Corporate Resolution or written evidence of the authority of the person signing the bid."

Louisiana Revised Statutes 38:2212(B)(5) expounds upon La. R.S. 38:2212(B)(2)'s requirement of written evidence of the authority of the person signing the bid, and it provides:

Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:

(a) The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed in the most current business records on file with the secretary of state.

(b) The signature on the bid is that of an authorized representative as documented by the legal entity certifying the authority of the person.

(c) The legal entity has filed in the appropriate records of the secretary of state of this state, an affidavit, resolution,

6

or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of state shall remain in effect and shall be binding upon the principal until specifically rescinded and canceled from the records of the office.

In furtherance of La. R.S. 38:2212(B)(2) and (5), in this case, Section 2.11.1 of the bid instructions ("the bid instructions") advertised by the Parish provides that "[b]ids by corporations must be executed in the corporate name by a president or vice-president (or other corporate officer) accompanied by evidence of authority to sign." Additionally, Division 3-Article 1 of LOUISIANA UNIFORM PUBLIC WORKS BID FORM ("the bid form"), which was required to be submitted with the bids for the project herein, provides as follows: **"THE FOLLOWING ITEMS ARE TO BE INCLUDED WITH THE SUBMISSION OF THIS ... BID FORM: ... A CORPORATE RESOLUTION OR WRITTEN EVIDENCE** of the authority of the person signing the bid for the public work as prescribed by [La.] R.S. 38:2212(B)(5)."

It is undisputed that BTG is a limited liability company ("LLC"), that James Moore signed the bid for the project on behalf of BTG, and that James Moore is a member and manager of BTG and was listed as such in the most current business records on file with the secretary of state. However, Boone claimed that the bid submitted by BTG failed to include the required Corporate Resolution or other written evidence authorizing execution of the bid by the James Moore, *i.e.* the bid failed to comply with La. R.S. 38:2212(B)(2) and (5), the bid instructions, and the bid form. On the other hand, BTG claimed that its bid was compliant under La. R.S. 38:2212(B)(5)(a) since its bid was signed by James Moore and since James Moore was listed as a member of the LLC in the most recent business records on file with the secretary of state and that no other written evidence of authority was necessary. In other words, BTG contends that compliance with La. R.S.

7

38:2212(B)(5)(a) suffices in lieu of submitting written evidence of the authority of the person signing the bid. BTG further contends that any additional requirement of written evidence of authority to sign as provided by the bid instructions or bid form impermissibly conflicts with La. R.S. 38:2212(B)(5) and, as such, is invalid pursuant to **Leblanc Marine, L.L.C.**, 286 So.3d at 396.

In ruling in favor of Boone, the trial court found, in written reasons for judgment, that although the evidence established James Moore was listed as a member on BTG's most recent annual report on file with the secretary of state and, as such, had the authority to sign the bid, the bid package submitted by BTG to the Parish was devoid of either a corporate resolution or any other written evidence establishing his authority to sign the bid, such as the annual report on file with the secretary of state at the time that the bid was submitted or an affidavit, resolution, or other acknowledged authentic document establishing that he was authorized to submit bids for public contracts. Thus, the trial court concluded that BTG's bid was not in compliance with law and that Boone was entitled to injunctive relief. Further, as to BTG's argument that compliance with La. R.S. 38:2212(B)(5)(a) is sufficient in lieu of submitting written evidence, the trial court found, in its written reasons for judgment denying BTG's motion for new trial, as follows:

> ...[C]onstruing [La.] R.S. 38:2122(B)(5)(a) to allow a limited liability company's manager to sign bid documents as manager without simultaneously submitting written proof of said entity's most current business records on file with the secretary of state would render the term "written evidence" [as used in La. R.S. 38:2122(B)(5)] superfluous. It defies logic to suggest that a person's own signature is written evidence of that person's authority to sign. Furthermore, adopting [BTG's] suggested interpretation of [La. R.S.] 38:2212(B)(5)(a) to allow the awarding of a bid without an entity including written evidence of the annual report or most current business records on file would result in litigation much like what is occurring in the present suit, where a contract is awarded and then the entity to whom the contract is awarded must prove the signatory's authority after the fact.

As to BTG's argument that the requirement on the bid instructions and bid form impermissibly conflict with La. R.S. 38:2212(B), the trial court found that the bid instruction "merely reiterates the written evidence requirement of [La.] R.S. 38:2212(B)(5)" and that the requirement that written evidence of the signatory's authority to submit the bid be attached to the bid is "explicit." Thus, the trial court concluded that the bid instructions did not impermissibly conflict with La. R.S. 38:2212(B) in violation of **LeBlanc Marine, L.L.C.**, 286 So.3d at 396. As to both of these issues, we agree with the trial court.

First, with regard to the trial court's interpretation of La. R.S. 38:2212(B), it is well settled that statutory interpretation begins with the language of the statute itself. See **Brown v. Adair**, 2002-2028 (La. 4/9/03), 846 So.2d 687, 689. In considering statutory language, the words of a law must be given their generally prevailing meaning; and words of art and technical terms must be given their technical meaning when a law involves a technical matter. La. C.C. art. 11. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the words of the law are ambiguous, however, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. With these rules of statutory interpretation in mind, we turn to the provisions at issue.

Louisiana Revised Statutes 38:2212(B)(2) unambiguously mandates that the bidding documents require bid submissions to include a Corporate Resolution or written evidence of signatory authority, as it provides, in pertinent part that: "The bidding documents shall require only the following information and documentation

to be submitted by a bidder at the time designated in the advertisement for bid opening: ... Corporate Resolution or written evidence of the authority of the person signing the bid." Next, the first sentence of La. R.S. 38:2212(B)(5) reiterates that written evidence must be submitted with the bid when it unequivocally declares: "Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding." Then, the second sentence of La. R.S. 38:2212(B)(5) clearly provides: "*The authority* ... shall be deemed sufficient and acceptable if any of the following conditions are met...." (Emphasis added). The three conditions under which signatory authority is deemed "sufficient and acceptable" are then clearly delineated in La. R.S. 38:2212(B)(5)(a), (b), and (c). Contrary to BTG's contention, these three delineated conditions are not alternatives to submitting the written evidence required by the first sentence; rather, they are examples of written evidence deemed sufficient and acceptable to establish signatory authority. Stated differently, satisfying any one of these three conditions does not relieve a bidder of the first sentence's requirement to submit written evidence of that authority with its bid.

As applied to this case, under La. R.S. 38:2212(B)(5)(a), BTG's most current business records on file with the secretary of state listing James Moore as a member of the LLC was sufficient to establish his signatory authority. Additionally, pursuant to the first sentence of La. R.S. 38:2212(B)(5), this written evidence was required to be submitted with the bid. Consequently, BTG's undisputed failure to include written evidence of James Moore's authority to sign the bid on behalf of BTG violated the specific requirements of Louisiana's Public Bid Law. In accord **Dynamic Constructors, L.L.C. v. Plaquemines Parish Government**, 2015-0271 (La. App. 4th Cir. 8/26/15), 173 So.3d 1239, 1245, writ denied, 2015-1782 (La. 10/30/15), 178 So.3d 562 (rejecting the plaintiff LLC's

argument that under La. R.S. 38:2212(B)(5)(a), the signature of a member of the LLC on a bid was legally sufficient and that no other written evidence of authority was required, and holding that, at the time of bidding, the LLC was required to present some form of written evidence or documentation, *i.e.* a copy of the company's current business record on file with the secretary of state, substantiating that the signatory to the bid was in fact a member of the plaintiff LLC and, thus, had the requisite authority to sign the bid on behalf of the plaintiff LLC) and **Ryan Gootee General Contractors, LLC v. Plaquemines Parish School Board & One Construction, Inc.**, 2015-325 (La. App. 5th Cir. 11/19/15), 180 So.3d 588, 599-600 (finding that the three conditions delineated in the second sentence of La. R.S. 38:2212(B)(5) were not alternatives to submitting the written evidence required by the first sentence and that satisfaction of any of those three conditions did not relieve a bidder of the requirement of the first sentence's requirement to submit written evidence of authority with its bid).

Next, as to the trial court's determination that BTG's failure to include written evidence of James Moore's authority to sign the bid on behalf of BTG was also a violation of the bid form and bid instructions, we agree and find that the bid form and bid instructions do not impermissibly conflict with La. R.S. La. R.S. 38:2212(B) in violation of **LeBlanc Marine, L.L.C.**, 286 So.3d at 396.

In **LeBlanc Marine, L.L.C.**, 286 So.3d at 392-393, a public entity issued an advertisement for bids for a certain project. The bid instructions issued for the project were more restrictive than La. R.S. 38:2212(B)(5) because it only allowed for two of the three conditions by which a person's authority to sign a bid could be established—those set forth in La. R.S. 38:2212(B)(5)(a) and (c). After the lowest bidder's bid was deemed non-responsive, the corporation that submitted the second lowest bid had its bid challenged and subsequently deemed non-responsive because it was signed by the corporation's vice-president and included written

11

evidence of authority in the form of a certification of authority as provided for by La. R.S. 38:2212(B)(5)(b), which was not one of the conditions provided for in the bid instructions. In reversing the judgment of the trial court and the appellate court, the Louisiana Supreme Court noted that as long as the statutory requirements are met, a public entity may include requirements and instructions in advertisement and bid forms that exceed what is required by Louisiana's Public Bid Law; however, the Court held that bid instructions that conflicted with, rather than merely exceeded the statutory requirements set forth in Louisiana's Public Bid Law were not valid. **LeBlanc Marine, L.L.C.,** 286 So.3d at 396. As such, the second lowest bidder, who had complied with La. R.S. 38:2212(B)(5), was entitled to the contract.

BTG's argument that the bid form and instructions are invalid under **LeBlanc Marine, L.L.C.,** 286 So.3d at 396, is premised on its contention that the requirement set forth therein for the submission of written evidence of signatory authority is in conflict with La. R.S. 38:2212(B)(5) because such written evidence is not required under the statute. However, as we have concluded otherwise, we do not find that either the bid instructions or the bid form differ from La. R.S. 38:2212(B) with regard to requiring the submission of written evidence of signatory authority. In our assessment, La. R.S. 38:2212(B)(2) and (5), the bid form, and the bid instructions all require submission of written evidence of signatory authority. Or as the trial court succinctly stated, the bid instructions merely reiterate the written evidence requirement set forth in La. R.S. 38:2212(B)(5).

Therefore, since it is not disputed that BTG failed to submit written evidence of signatory authority with its bid, BTG's bid failed to comply with La. R.S. 38:2212(B), the bid form, and the bidding instructions. For this violation of Louisiana's Public Bid law, a prohibitory law, we conclude that the trial court

12

correctly granted Boone's petition for injunctive relief, enjoining the Parish, Mr. Cointment, and BTG from entering into a contract or taking any action in furtherance of awarding the contract for the project.

## CONCLUSION

For all of the above and foregoing reasons, the February 12, 2021 judgment granting Boone Services, LLC's petition for injunctive relief and enjoining the Ascension Parish Government, Clint Cointment, and Bridging the Gap Solution, LLC from entering into a contract or taking any action in furtherance of awarding the contract for the New River Channel Improvements Re-Bid, Parish Project # EAD 15-004 to Bridging the Gap Solution, LLC is affirmed. All costs of this appeal are assessed to the defendant/appellant, Bridging the Gap Solution, LLC.

**AFFIRMED.**