HIGGINBOTHAM, J.
| aThis case arises out of a public bid dispute. At issue is whether the trial court erred in failing to enforce a mandatory requisite in the advertised bid specifications that actually required more of the bidders than outlined in the pertinent version of the Louisiana Public Bid Law, La. R.S. 38:2211 et seq. After reviewing the record and applicable law, we find the trial court erred, and we reverse the judgment of the trial court and remand for further proceedings.
BACKGROUND
In mid-August 2012, the Terrebonne Parish Consolidated Government (“the Parish”) began advertising an invitation for bids pursuant to the Louisiana Public Bid Law for the construction of Phase I of the Bayou Gardens Boulevard Extension— Roadway Embankment Project (“the Project”). The Project bid form, documents, and specifications utilized the Louisiana Uniform Public Works Bid Form (“the bid form”) mandated for public works by the Louisiana Public Bid Law at La. R.S. 38:2212.
The invitation to bidders, as advertised and included in the bid form, provided:
A bid will be considered responsive if it conforms in all respects with the conditions and requirements of the Bidding Documents. In order to be considered responsive, the Louisiana Uniform Public Works Bid Form must: (a) be fully completed, signed and be responsive in all respects to the Bidding Documents; (b) be made on the Bid Forms provided and submitted intact. (Emphasis added.)
The bid form contained a “DEFINED TERMS” section, defining “Bidding Documents” as:
Documents usually including advertisement, bid notice or invitation to bidders, instructions to bidders, bid form, form of contract, contract documents and specifications, forms of bonds, conditions of contract, drawings, all addenda issued prior to receipt of bids, specifications addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract. (Emphasis added.)
[.■¡Additionally, the bid form contained a section entitled “PREPARATION AND SUBMISSION OF BIDS” that included a requirement for an Attestation Clause regarding past criminal convictions of bidders. The requirement specifically provided that each bidder, as opposed to the lowest bidder required by the pertinent version of La. R.S. 38:2227(A) [1], was man *519 dated to submit the completed criminal record Attestation Clause within ten days after the opening of the bids. The bid form stated, in pertinent part:
12.6 In accordance with La. R.S. 38:2227, each bidder on this project must submit the completed Attestation Clause (Past Criminal Convictions of Bidders) form found within these bid documents. The fully executed Attestation Clause form shall be RECEIVED by the TERREBONNE PARISH CONSOLIDATED GOVERNMENT within ten (10) days after the opening of bids. The fully executed Attestation Clause form is NOT required to be included with the bid form and is to be submitted separately within ten (10) days after the opening of bids. The submission should be identified with the name of the bidder, the project on which he is bidding, and the words ATTESTATION CLAUSE. Forms may be sent via U.S. Mail, express mail, or hand delivered[.] (Emphasis added.)
The bid form also contained an “AWARD OF CONTRACT” section that provided, in pertinent part:
L16.3 In order to be responsive, prior to award and as a condition of award, each bidder must submit the additional documentation required by the Bidding Documents or requested by the OWNER. (Emphasis added.)
[[Image here]]
16.10 If the Contract is to be awarded for [the Project], it will be awarded to the lowest, qualified, responsive and responsible Bidder as determined by the evaluation of the corresponding Bid. (Emphasis added.)
[[Image here]]
16.12 In the event of failure of the lowest responsive, responsible Bidder to sign the Contract ... .the Owner may award the Contract to the next lowest responsive, responsible Bidder. (Emphasis added.)
After advertising the Project, the Parish received nine bids by the posted deadline of September 20, 2012. On that date, the Parish opened the bids and found that LA Contracting Enterprise, LLC (“LACE”) was the apparent low bidder. The second lowest bidder was Byron E. Talbot Contractor, Inc. (“Talbot”), and the third low *520 est bidder was Phylway Construction, LLC (“Phylway”). Phylway issued a formal written letter of protest with the Parish on October 2, 2012, more than ten days after the opening of the bids, challenging the responsiveness of the LACE and Talbot bids and requesting that the Parish award the Project to Phylway, who claimed to be the lowest responsive, responsible bidder. Phylway contended that the LACE and Talbot bids failed to comply with several requirements listed in the bid specifications and/or Bidding Documents, specifically noting their failure to submit the mandatory criminal record Attestation Clause in a timely manner.[2] Talbot submitted its criminal record Attestation Clause on October 3, 2012, after the ten-day time period since the bid opening. Despite Phylway’s protest, the Parish awarded the Project to LACE on October 10, 2012, noting that LACE’s submission of its criminal record Attestation Clause with its bid documents before the opening of the bids was not a violation of the requirements.
liiOn October 17, 2012, Phylway filed a petition seeking mandamus to compel the Parish to reject the alleged non-responsive bids of LACE and Talbot and award the Project to Phylway as the lowest responsive and responsible bidder. Phylway also requested a temporary restraining order (TRO) and an injunction against the Parish to restrain and prohibit the execution of any contract with LACE or Talbot for the Project. The trial court issued a TRO on October 18, 2012, and scheduled a hearing on the requested injunctive relief for October 26, 2012. The Parish opposed the petition and before the hearing, Talbot and LACE intervened, each claiming to be the apparent low bidder on the Project.[3]
After the hearing, the trial court found that LACE’s bid was non-responsive, because it lacked the required articles of organization requested in the Parish’s bid specifications. In its ruling as to LACE, the trial court did not discuss the criminal record Attestation Clause requirement because of the other problem with LACE’s bid. The trial court acknowledged that Phylway’s bid was responsive in all respects,[4] but found that Talbot should be awarded the Project as the lowest responsive bidder ahead of Phylway. The trial court noted a “common sense interpretation” of the criminal record Attestation Clause requirement was that Talbot had ten days from the time it was determined to be the low bidder before it had to file the required criminal record attestation. Thus, the trial court ruled that even though Talbot had not filed its criminal record attestation within ten days of the bid opening, it had filed the Attestation Clause before the hearing where it was determined to be the low bidder, so the trial court concluded that Talbot’s bid was responsive. The trial court signed a judgment on January 14, 2018, denying Phyl-way’s request for injunctive relief and issuing a writ of mandamus ordering the Parish to award the Project to Talbot.
|fiPhylway appealed, assigning three errors regarding the trial court’s ruling as it *521 applied to Talbot: (1) the trial court erred in failing to enforce the mandatory requirements of the advertised bid specifications, which required each bidder to submit to the Parish, within ten days of the bid opening, a fully executed criminal record Attestation Clause; (2) the trial court erred in failing to adhere to mandatory requirements of the Public Bid Law and rulings of the Louisiana Supreme Court, which provide that a public entity has no discretion to waive requirements of its own advertised and published bid specifications; and (3) the trial court erred in failing to find that Talbot’s bid was non-responsive and failing to order the Parish to award the contract for the Project to Phylway. We note that Phylway has not raised any error regarding the trial court’s ruling as to LACE and LACE has not filed its own appeal nor answered Phyl-way’s appeal. Thus, we decline any consideration of the trial court’s ruling that LACE’s bid was non-responsive.[5]
LAW AND ANALYSIS
This litigation is governed by Louisiana’s Public Bid Law, La. R.S. 38:2211 et seq., which is a prohibitory law founded on public policy. Hamp’s Construction, L.L.C. v. City of New Orleans, 2005-0489 (La.2/22/06), 924 So.2d 104,107; State Machinery & Equipment Sales, Inc. v. Iber-ville Parish Council, 2005-2240 (La.App. 1st Cir.12/28/06), 952 So.2d 77, 82-83. The Public Bid Law was enacted in the interest of the taxpaying citizens of this State for the purpose of protecting them against contracts awarded through favoritism and involving exorbitant and extortionate prices. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 2004-0211 (La.3/18/04), 867 So.2d 651, 656.
A political entity such as the Parish has no authority to take any action that is inconsistent with the Public Bid Law. Id. Louisiana Revised Statutes 1738:2212(A)(l)(b)(i) clearly and unambiguously provides that the public entity may not waive (1) any requirements of the Public Bid Law, (2) any requirements declared in the advertisement for bid, or (3) any requirements stated on the bid form. Hamp’s Construction, 924 So.2d at 110-11. Consequently, once the public entity establishes a requirement in its advertisement or bid form, that requirement must be uniformly followed by all bidders. Id. at 111.
In light of Hamp’s Construction and its progeny, it is clear that when a public entity, such as the Parish in this case, elects to place certain requirements that differ from statutory requirements in its advertisements for bids and on its bid forms, then that entity is bound by those advertised requirements and bid form specifications in addition to the statutory requirements, and may not choose to waive them at a later date. We extend this reasoning to include requirements and instructions in advertisements and bid forms that may exceed what is required by the Public Bid Law, as long as the statutory requirements are also met. See Concrete Busters of Louisiana, Inc. v. Board of Com’rs of the Port of New Orleans, 2010-1172 (La.App.4th Cir.2/2/11), 69 So.3d 484, 489. Thus, we conclude the Parish was bound by its advertised instructions and bid form requirement that “each bidder” submit a completed criminal record Attestation Clause within ten' days after the *522 opening of the bids, since “each bidder” would necessarily include the “lowest bidder” that is highlighted in the amended version of the criminal record Attestation Clause required by the statute. See La. R.S. 38:2227(A), as amended by Acts 2012, No. 598, § 1, effective August 1, 2012, and La. R.S. 38:2212(A)(l)(b)(ii)(bb), as amended by Acts 2012, No. 823, § 1, approved June 14, 2012, and effective August 15, 2012.
The Parish’s requisites regarding the criminal record Attestation Clause for “each bidder” obviously goes over and above the amended statutory requirements found in the Public Bid Law, which provides that only the “lowest bidder” must submit the Attestation Clause within ten days after the bid opening. However, we |sare not persuaded that the extra requirement in the bid form necessitates a different result in this case. The starting point in the interpretation of any statute is the language of the statute itself. In re Clegg, 2010-0323 (La.7/6/10), 41 So.3d 1141, 1154. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. Id. The meaning and intent of a law is determined by considering the law in its entirety, and all other laws on the same subject matter, and by placing a construction on the law that is consistent with the terms of the law and with the obvious intent of the legislature in enacting the law. Id. Questions of law, such as the proper interpretation of a statute, are reviewed by this court under a de novo standard of review, without deference to the legal conclusions of the lower court. Saizan v. Pointe Coupee Parish School Bd., 2010-0757 (La.App.lst Cir.10/29/10), 49 So.3d 559, 564, writ denied, 2010-2599 (La.1/14/11), 52 So.3d 905.
The record reflects that Talbot, as a bidder on the Project, did not submit its criminal record Attestation Clause within ten days after the bid opening as plainly required by the Parish’s bid form specifications, as well as the amended version of the statute. See La. R.S. 38:2212(A)(l)(b)(ii)(bb) (“The ten-day period shall not be altered or waived by any public entity[.]”) Conversely, Phylway did timely file its criminal record Attestation Clause within the ten-day period. Louisiana Revised Statutes 38:2212(A)(l)(b)(i) clearly states that the provisions and requirements of the statute and those “stated in the advertisement for bids, and those required on the bid form shall not be waived by any entity.” (Emphasis added.) The statute unambiguously declares that the requirements in the bid form (that each bidder must submit a completed criminal record Attestation Clause within ten days after the opening of the bids) may not be waived by the public entity, the Parish, in this ease. We disagree with the trial court’s interpretation and application of La. R.S. 38:2212 and 38:2227, allowing Talbot ten days after the |9trial court had determined Talbot to be the low bidder to submit the criminal record Attestation Clause. Talbot did not timely submit the required Attestation Clause .within ten days of the opening of the bids. After considering the Public Bid Law in its entirety, we conclude the trial court erred in finding that Talbot was the next lowest responsive, responsible bidder and in denying injunctive and mandamus relief for Phylway.
The record does not reflect whether the Project proceeded with Talbot; therefore, it is not known at this time whether the injunctive and mandamus remedies are still available to Phylway. Since Phylway timely sought an injunction, it may be entitled to recover damages that it sus *523 tained due to the Parish’s award of the Project pursuant to a non-responsive bid. See Command Const. Industries, L.L.C. v. City of New Orleans, 2013-0524 (La.App.4th Cir.10/23/13), 126 So.3d 716, 723. See also D & O Contractors, Inc. v. St. Charles Parish, 2000-882 (La.App.5th Cir.2/28/01), 778 So.2d 1285, 1290, writ denied, 2001-1213 (La.6/29/01), 794 So.2d 812. We make no determination as to whether Phylway is entitled to damages, as that issue is not currently before us. Accordingly, we remand this matter to allow Phylway to further pursue its claims for injunctive relief, mandamus, or damages.
CONCLUSION
We conclude that the trial court erred when it improperly awarded the Project to Talbot, who was a non-responsive bidder. The trial court’s judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal, totaling $2,341.50, are equally assessed between defendant/appellee, Terrebonne Parish Consolidated Government, and plaintiff-in-intervention/appellee, Byron E. Talbot Contractor, Inc.
REVERSED AND REMANDED.
KUHN, J., dissents and assigns reasons.
WELCH, J, dissents for the reasons assigned by Judge KUHN and assigns additional reasons.

. Louisiana Revised Statutes 38:2227(A) was enacted in 2010, and it initially required each bidder to submit a criminal record conviction attestation; however, the statute was amend *519 ed by Acts 2012, No. 598, § 1, effective August 1, 2012, which was a few weeks before the Parish began advertising for the Project. . The amended version of La. R.S. 2227(A) provides:
Each public entity advertising and letting for bid a public works contract shall require the lowest bidder, in addition to the provisions of R.S. 38:2212(A)(3)(c)(ii), after the opening of bids, if a sole proprietor, to attest that he has not been convicted of, or has not entered a plea of guilty or nolo contendere to any of the crimes or equivalent federal crimes listed in Subsection B of this Section. The lowest bidding entity shall submit an attestation that no individual partner, incorporator, director, manager, officer, organizer, or member, who has a minimum of a ten percent ownership in the bidding entity, has been convicted of, or has entered a plea of guilty or nolo conten-dere to any of the crimes or equivalent federal crimes listed in Subsection B of this Section. (Emphasis added.)
Louisiana Revised Statutes 38:2212(A)(3)(c)(ii) provides, in pertinent part: "Other documentation required shall be furnished by the low bidder within ten days after the bid opening.” (Emphasis added.) Louisiana Revised Statutes 38:2212(A)( 1 )(b)(ii)(bb), amended by Acts 2012, No. 823, § 1, effective August 15, 2012, provides, in pertinent part: "Other documentation and information required including but not limited to the low bidder’s attestation pursuant to R.S. 38:[2227] shall be furnished by the low bidder within ten days after the bid opening. The ten-day period shall not be altered or waived by any public entity ...” (Emphasis added.)

.The only bid form requirement that is pertinent to this appeal involves the mandatory criminal record Attestation Clause, obliging each bidder to submit the attestation within ten days of the bid opening. Thus, we preter-mit consideration of any other irregularity in the bids.

. The record does not contain a copy of Talbot's petition for intervention, but it does contain Talbot’s memorandum in support of its intervention.

. The record reflects that Phylway filed its criminal record Attestation Clause on September 28, 2012, within ten days of the bid opening on September 20, 2012.

. See Uniform Rules — Courts of Appeal, Rule 1-3 (courts of appeal review only issues that are submitted to the trial court and are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise). See also Police Jury of Ascension Parish v. Shaffett, 461 So.2d 1072, 1072-73 (La.App. 1st Cir. 1984).