WHIPPLE, C.J.
*505 This matter is before us on appeal by the intervenor, Southern Delta Construction, L.L.C., from the trial court's grant of declaratory judgment in favor of LeBlanc Marine, L.L.C. For the reasons that follow, the judgment of the trial court is affirmed.
FACTS AND PROCEDURAL HISTORY
In May of 2017, the State of Louisiana, through the Division of Administration, Office of Facility Planning and Control ("the State"), issued an "Advertisement for Bids" for Phase III Levee Repairs at Rockefeller Wildlife Refuge, located in Grand Chenier, Louisiana, identified as Project Number 01-107-05B-13, Part ZM ("the Project"). The advertisement provided that bids would be received until September 19, 2017, and, with reference to written evidence of the authority of the person signing the bid, that the bidder was "required to comply with provisions and requirements of LSA-R.S. 38:2212(B)(5)."[1] The Project's "Instructions to Bidders" further provided in Section 5.1.9 that:
The bid shall include the legal name of the Bidder and shall be signed by the person or persons legally authorized to bind the Bidder to a Contract. Written evidence of the authority of the person signing the bid for the public work shall be submitted at the time of bidding. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable under any of the following conditions:
(a) A corporate resolution or a copy of the detailed record from the Secretary of State's business filings page submitted with the bid package as required by R.S. 38:2212(B)(5).
(b) When a corporation, partnership, or other legal entity has filed in the records of the Secretary of State, *506 an affidavit, resolution or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. A bid package submitted by such a legal entity shall include a current Power of Attorney certifying agent's authority to bind Bidder, as required by R.S. 38:2212(B)(5). The name and license number on the envelope shall be the same as the entity identified on the Bid Form.
According to the bid tabulation sheet, LeBlanc Marine, L.L.C. ("LeBlanc Marine") submitted the lowest bid and Southern Delta Construction, L.L.C. ("SDC") submitted the second lowest bid for the Project. By letter dated September 20, 2017, however, the State informed LeBlanc Marine through its President, Ben LeBlanc, that its bid failed to comply with Section 5.1.9 of the Instructions to Bidders, because it failed to submit written evidence of the authority of the person signing the bid for the public work at the time of bidding, and that accordingly, its bid was rejected. The State thereafter determined that the second lowest bidder, SDC, was the successful bidder, and by letter dated September 25, 2017, awarded the contract for the Project to SDC.
On October 2, 2017, LeBlanc Marine, through its counsel of record, sent a letter to the State, challenging the rejection of its bid and requesting a public records inspection of the bids submitted for the Project within seventy-two hours in accordance with LSA-R.S. 44:1 et seq. On October 12, 2017, the State responded by providing LeBlanc Marine with a copy of SDC's entire bid for the Project.
The next day, on October 13, 2017, LeBlanc Marine filed a petition for injunctive and declaratory relief, seeking to enjoin the State from awarding the contract for the Project to SDC or, alternatively, a declaration that any contract entered into by the State and SDC be declared null and void. In its petition, LeBlanc Marine contended that SDC's bid was non-compliant and violated Section 5.1.9 of the Instructions to Bidders where it failed to include written evidence to prove that the person who signed SDC's bid had the authority to sign and submit the bid on SDC's behalf in the form of either: (a) a corporate resolution; (b) a copy of the detailed record from the Secretary of State's business filings; or (c) an affidavit, resolution or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts with a current Power of Attorney.[2] LeBlanc Marine contended that instead, SDC included a "Certification of Authority," which it argued failed to meet the requirements of Section 5.1.9. LeBlanc Marine thus sought the issuance of a temporary restraining order, preliminary injunction, and final injunction enjoining the State from awarding the contract for the Project to SDC,[3] or alternatively, a declaration that the contract between the State and SDC was absolutely null.[4]
On October 18, 2017, SDC filed a petition for intervention, maintaining that its bid was submitted in accordance with the *507 Public Bid Law and the bidding documents, and seeking dismissal of the proceedings initiated by LeBlanc Marine.[5]
On November 21, 2017, the matter proceeded before the trial court on LeBlanc Marine's declaratory judgment action. After considering joint stipulations of fact with accompanying exhibits and argument of the parties, the trial court issued a written ruling on December 1, 2017, granting the petition for declaratory relief and setting forth its reasons.
In conformity with its ruling, the trial court signed a judgment on January 4, 2018, granting LeBlanc Marine's petition for declaratory relief and determining that, pursuant to LSA-R.S. 38:2220.4, the State had violated the Louisiana Public Bid Law, LSA-R.S. 38:2211 et seq. , in awarding the Project to SDC, where SDC's bid was not the lowest responsive bid submitted in connection with the Project. The judgment further declared that any contract executed between the State and SDC in connection with the Project was an absolute nullity, in accordance with LSA-R.S. 38:2220.1 et seq. and LSA-C.C. art. 2029 et seq.[6]
SDC now appeals from the judgment of the trial court, contending that the trial court erred in determining that: (1) SDC's bid failed to comply with the enumerated types of written evidence of authority set forth in Section 5.1.9 of the Instruction to Bidders; (2) the enumerated types of documentation set forth in Section 5.1.9 of the Instruction to Bidders were the exclusive forms of written evidence of authority that could be accepted by the State; and (3) the Instructions to Bidders can permissibly restrict the types of written evidence of authority which would otherwise be acceptable under the Public Bid Law.
DISCUSSION
Louisiana's Public Bid Law, codified in LSA-R.S. 38:2211 et seq. , is a prohibitory law founded on public policy. Hamp's Construction, L.L.C. v. City of New Orleans, 2005-0489 (La. 2/22/06), 924 So.2d 104, 107. Pursuant to the Public Bid Law, the legislature has specifically prescribed the conditions upon which it will permit work to be done on its behalf or on behalf of its political subdivisions. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 2004-0211, 2004-0212 (La. 3/18/04), 867 So.2d 651, 656. The Public Bid Law was enacted in the *508 interest of the taxpaying citizens of this State for the purpose of protecting them against contracts awarded through favoritism and involving exorbitant and extortionate prices. Hamp's Construction, L.L.C. v. City of New Orleans, 924 So.2d at 107.
A political entity has no authority to take any action that is inconsistent with the Public Bid Law. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 867 So.2d at 656. Louisiana Revised Statute 38:2212(B)(1) clearly and unambiguously provides that "[t]he provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity." "Bidding documents" are defined as the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract. LSA-R.S. 38:2211(A)(2). Consequently, once the public entity establishes a requirement in its bidding documents, that requirement must be uniformly followed by all bidders. Hamp's Construction, L.L.C. v. City of New Orleans, 924 So.2d at 111.
As set forth above, LSA-R.S. 38:2212(B)(5) of the Public Bid Law provides that written authority of the person signing the bid is sufficient and acceptable if: (a) the signature is that of any corporate officer listed on the most current annual report on file with the secretary of state, or that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed on file with the secretary of state; (b) the signature is that of an authorized representative as documented by the legal entity certifying the authority of the person; or (c) the legal entity has filed an affidavit, resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts with the secretary of state.
Section 5.1.9 of the Instructions to Bidders provides that the authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable under any of the following conditions: (a) a corporate resolution or a copy of the detailed record from the Secretary of State's business filings page submitted with the bid package as required by R.S. 38:2212(B)(5) ; or (b) an affidavit, resolution or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts filed in the records of the Secretary of State along with a current Power of Attorney certifying agent's authority to bind Bidder, as required by R.S. 38:2212(B)(5).
The starting point in the interpretation of any statute is the language of the statute itself. Phylway Construction, LLC v. Terrebonne Parish Consolidated Government, 2013-1589 (La. App. 1st Cir. 9/5/14), 153 So.3d 516, 522, writ denied, 2014-2677 (La. 3/13/15), 161 So.3d 642. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. Hamp's Construction, L.L.C. v. City of New Orleans, 924 So.2d at 110. The meaning and intent of a law is determined by considering the law in its entirety, and all other laws on the same subject matter, and by placing a construction on the law that is consistent with the terms of the law and with the obvious intent of the legislature in enacting the law. In re Clegg, 2010-0323 (La. 7/6/10), 41 So.3d 1141, 1154. Questions of law, such as the proper interpretation of a statute, are reviewed by this *509 court under a de novo standard of review, without deference to the legal conclusions of the lower court. Phylway Construction, LLC v. Terrebonne Parish Consolidated Government, 153 So.3d at 522.
The bid form submitted by SDC herein named Michael Mayeux, the Vice-President of SDC, as the "authorized signatory of the bidder" and was signed by Mr. Mayeux. As written authority for the person signing the bid, SDC submitted a "Certification of Authority" signed by Daniel K. Fordice, III, the President of SDC, certifying that Mr. Mayeux was duly authorized to submit bids and execute all contracts with all public entities, as follows:
Pursuant to the requirements of L.S.A. R.S. 38:2212 -0, the undersigned does certify that he is the President of Southern Delta Construction, LLC, and that Mike Mayeux, Vice President[,] is duly authorized to submit bids and to execute bids with all public entities.
THUS DONE AND SIGNED this 3rd day of June, 2011 at Vicksburg, MS.
In granting LeBlanc Marine's petition for declaratory judgment, the trial court held that:
After a review of the law, it appears that when a public entity prepares and advertises the Instruction to Bidders on a public works contract that imposes certain requirements upon bidders that complies with the statutory requirements of the Public Bid Law but also specifically states what will be accepted as evidence of authority, then it appears that the public entity is bound by [its] advertised Instruction to Bidders even though the Instruction to Bidders is more restrictive than the statutory requirements that establishes acceptable evidence of authority.
In this case, the State of Louisiana, in [its] advertised Instruction to Bidders, required with specificity what type of written evidence of authority would be accepted as sufficient to establish that the person signing the bid had the authority to do so. The written evidence required by the Instruction to Bidders was more restrictive than what is provided for in [LSA-R.S.] 38:2212(B)(5). Therefore, according to the law, the State of Louisiana is now bound by the more restrictive means of providing written evidence of authority. Specifically, the State of Louisiana is bound by the advertised Instruction to Bidders and any public contract awarded in violation of the Instruction to Bidders is an absolute nullity.
SDC contends that its bid fully complied with the Public Bid Law and that its "Certification of Authority" was "within the type of documentation automatically deemed sufficient and acceptable" under the statutory requirements of LSA-R.S. 38:2212(B)(5)(b), where the signature is that of an authorized representative as documented by the legal entity certifying the authority of the person. Moreover, SDC argues that its "Certification of Authority" is sufficient written evidence of authority of the person signing the bid under LSA-R.S. 38:2212(B)(2), which provides, in part, that:
The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution or written evidence of the authority of the person signing the bid, and Louisiana Contractors License Number. [Emphasis added.]
*510 Noting that the State's bid advertisement for the Project specifically provided that the bidder was "required to comply with [the] provisions and requirements of LSA-R.S. 38:2212(B)(5)," SDC contends on appeal that its "Certification of Authority" fully complied with the applicable statutory provisions of the Public Bid Law as required and further complies with Section 5.1.9 of the Instructions to Bidders.
Assignment of Error Number One
In this assignment of error, SDC contends that the trial court erred in finding that its bid failed to comply with the enumerated types of written evidence of authority set forth in Section 5.1.9 of the Instruction to Bidders. SDC contends that pursuant to Section 5.1.9(b), it is a registered legal entity with the Secretary of State, and thus, could submit "an affidavit, resolution or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts." SDC contends that its "Certification of Authority" constitutes a resolution or other acknowledged document of the company under Section 5.1.9(b) indicating the name of the individual authorized to submit bids on behalf of SDC. SDC further contends that the certification, in and of itself, also constitutes a Power of Attorney certifying Mr. Mayeux's authority to sign bids on behalf of SDC under Section 5.1.9(b). We disagree.
Notwithstanding whether the "Certification of Authority" was sufficient evidence of proof of authority under LSA-R.S. 38:2212(B)(5)(b) and 38:2212(B)(2), we reject SDC's interpretation of the requirements of Section 5.1.9 and its contention that its "Certification of Authority" complies with the type of written proof of authority required therein. In order for SDC's bid to be responsive under Section 5.1.9, SDC was required to submit: (a) a corporate resolution or copy of a detailed record from the Secretary of State's business filings; or (b) written evidence of a previously filed affidavit, resolution or other acknowledged or authentic document with the Secretary of State indicating the names of all parties authorized to submit bids for public contracts, along with a current Power of Attorney certifying the agent's authority to bind the bidder. SDC failed to do so herein.
Accordingly, we find the trial court correctly determined that SDC's bid failed to comply with the enumerated types of written evidence of authority set forth in Section 5.1.9. This assignment lacks merit.
Assignment of Error Number Two
In its second assignment of error, SDC contends that the trial court erred in finding that the types of documentation set forth in Section 5.1.9 of the Instructions to Bidders were the exclusive forms of written evidence of authority that could be accepted by the State. SDC contends that even if its "Certification of Authority" was not compliant with Section 5.1.9(b), neither LSA-R.S. 38:2212(B)(5) nor Section 5.1.9 provide that the types of written evidence specified within those provisions are the exclusive forms of documentation found to be acceptable by the public entity, but instead, merely serve as an example of the types of written evidence of authority that can be submitted with a bid.[7]
*511 The jurisprudence interpreting the Public Bid law is clear. Louisiana Revised Statutes 38:2212(B)(1) clearly and unambiguously provides that the public entity shall not waive the provisions and requirements of (1) the Public Bid Law and (2) the bidding documents, which include the bidding instructions. See LSA-R.S. 38:2211(A)(2). Moreover, once a public entity establishes a requirement in its advertisement or bid form, that requirement must be uniformly followed by all bidders. Hamp's Construction, L.L.C. v. City of New Orleans, 924 So.2d at 111. And, the public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or waivable, because once included, these requirements are non-waivable as a matter of law. Hamp's Construction, L.L.C. v. City of New Orleans, 924 So.2d at 110.
Inasmuch as the courts have strictly construed the requirements set forth in the statute, Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 867 So.2d at 657, we disagree with SDC's contention that the listed requirements are merely "examples" of acceptable types of written authority. Certainly, if such requirements and provisions are not waivable, they cannot be merely illustrative examples. Indeed, if the intent of the legislature was to allow numerous and various unspecified forms of written evidence of authority to be acceptable, such that the requirements set forth in the Public Bid and bidding documents were not exclusive, the statute would expressly provide for such measures. However, the statutory scheme does not do so.
Accordingly, on review we find no error in the trial court's finding that the types of documentation set forth in Section 5.1.9 of the Instructions to Bidders were the exclusive forms of written evidence of authority that could be accepted by the State. This assignment of error also lacks merit.
Assignment of Error Number Three
In its final assignment of error, SDC contends that the trial court erred by determining that the Instructions to Bidders can permissibly restrict the types of written evidence of authority which would otherwise be acceptable under the Public Bid Law. In doing so, SDC points to *512 Durr Heavy Construction, LLC v. City of New Orleans, 2016-609 (La. 4/15/16), 189 So.3d 384. In Durr, the City's bid instructions required that the bid be submitted in a sealed envelope bearing the proposal number and state contractor's license or online. The two lowest bidders failed to include the proposal number on their envelopes. Durr, the third lowest bidder, sought a preliminary injunction, which was denied by the district court. The Fourth Circuit reversed the district court and on review, the Supreme Court reversed the ruling of the Fourth Circuit and reinstated the district court's order. SDC relies on a concurrence by Chief Justice Johnson, wherein she opined that LSA-R.S. 38:2212(B)(2) provides an exclusive list of the only twelve items which a public entity can require bidders to provide in the "bidding documents," and that where a bid envelope bearing a "Proposal Number" is clearly not one of the enlisted items, the City erred in requiring same in its bidding instructions. See Durr Heavy Construction, LLC v. City of New Orleans, 189 So.3d at 385-386.
Even considering the concurring opinion in Durr, we note that Durr is factually distinguishable from the instant case. In Durr, the City or public entity required the bidders to submit information beyond those items required by LSA-R.S. 38:2212(B)(2) or the Public Bid Law. In the instant case, however, the State did not require that the bidder submit information in addition to that information already required by LSA-R.S. 38:2212(B)(2). Instead, the State's bidding instructions simply provided the manner in which bidders may establish one of the twelve items already required by the Public Bid Law, i.e., acceptable forms of written evidence of authority.
Pursuant to LSA-R.S. 38:2212(B)(2) of the Public Bid Law, the bidding documents required the bidder to submit a "Corporate resolution or written evidence of the authority of the person signing the bid ." (Emphasis added.) In the instant case, the bidding documents at issue set forth two forms of "written evidence of the authority of the person signing the bid " that the public entity would accept to sufficiently establish that the person signing the bid had the authority to do so; i.e., (a) a corporate resolution or a copy of the detailed record from the Secretary of State's business filings page submitted with the bid package as required by R.S. 38:2212(B)(5) ;[8] or (b) an affidavit, resolution or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts is filed with the Secretary of State along with a current Power of Attorney certifying the agent's authority to bind the bidder, as required by R.S. 38:2212(B)(5).
Louisiana Revised Statute 38:2212(B)(5) of the Public Bid Law, however, provided three options for submitting written evidence of the authority of the person signing the bid, as follows:
(a) The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed in the most current business records on file with the secretary of state.
(b) The signature on the bid is that of an authorized representative as *513 documented by the legal entity certifying the authority of the person.
(c) The legal entity has filed in the appropriate records of the secretary of state of this state, an affidavit, resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of state shall remain in effect and shall be binding upon the principal until specifically rescinded and canceled from the records of the office.
The Public Bid Law clearly and unambiguously provides that "[t]he provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity." LSA-R.S. 38:2212(B)(1) (Emphasis added). Thus, to the extent that the bidding instructions, which provided two options by which a bidder could establish written authority of the person signing the bid, may be arguably stricter than those set forth in LSA-R.S. 38:2212(B)(5) of the Public Bid Law, which provided three options for submitting written evidence of the authority of the person signing the bid, we nonetheless agree with LeBlanc Marine that the bid instructions herein are acceptable, where they consist of two of the three options allowed by the Public Bid Law and the statutory requirements for demonstrating written authority are also met under the analogous provisions of the State's bidding instructions.
After a thorough review of the record herein and consideration of the applicable law set forth above, we find no error in the trial court's conclusion that the State was bound by its more restrictive bid instructions, which met the statutory requirements. We further find no error in the trial court's determination that SDC's bid failed to comply with the Instructions for Bidders, and that any contract awarded by the State to SDC in connection with the Project was an absolute nullity.
This assignment of error also lacks merit.
CONCLUSION
For the above and foregoing reasons, the January 4, 2018 judgment of the trial court, declaring any contract executed between the State and SDC in connection with the Project an absolute nullity, is hereby affirmed. Costs of this appeal are assessed to the intervenor/appellant, Southern Delta Construction, L.L.C.
AFFIRMED.
McClendon, J., dissents and assigns reasons
McClendon, J., dissents.
I find that the bid in question met the statutory requirements set forth in LSA-R.S. 38:2212(B)(2) and (B)(5). I therefore dissent from the majority's conclusion that Southern Delta Construction, LLC was not a responsive bidder.
Prior to its amendment by 2014 La. Acts. No. 759, § 1, LSA-R.S. 38:2212A(2)(b)(ii)(a) provided in part that "[t]he bid form developed shall require only the information necessary to determine the lowest bidder and the following sections and information." The sections and information were specifically listed. Following its amendment, which included more restrictive language, the subsection was renumbered as 38:2212(B)(2). It now provides that "[t]he bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening," and then specifically lists the requisite information and documents. Included in the requisite *514 documentation is a "Corporate Resolution or written evidence of the authority of the person signing the bid."
Further, as explained in the majority opinion, Louisiana Revised Statutes 38:2215(B)(5) provides three acceptable methods for establishing the authority of the signature of the person submitting the bid. Only two of those methods were incorporated into the bidding instructions regarding the contract at issue. As recognized by the trial court, Southern Delta's bid fully complied with the statutory method which was omitted from the bidding instructions, insofar as the signature was that of an authorized representative as documented by the legal entity certifying the authority of the person. See LSA-R.S. 38:2212(B)(5)(b). Therefore, while Southern Delta's bid complied with the Public Bid Law, it did not comply with the bidding instructions.
However, the bidding instructions were inconsistent with the Public Bid Law. More specifically, the bidding instructions, as noted by the majority and conceded by LeBlanc Marine, limited the authority to two of the three methods that were statutorily acceptable. Further, the Public Bid Law specifically recognizes that any of the three methods "shall be deemed sufficient and acceptable ." Id. A political entity has no authority to take any action that is inconsistent with the Public Bid Law. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority , 04-0211, 04-0212 (La. 3/18/04), 867 So.2d 651, 656. Accordingly, I disagree with the majority's conclusion that the bid instructions herein are acceptable where they "consist of two of the three options allowed by the Public Bid Law," when by statute Southern Delta's method of complying is specifically provided by LSA-R.S. 38:2212(B)(5)(b). Since Southern Delta's application was acknowledged to be statutorily acceptable, I conclude that its submission should "be deemed sufficient and acceptable." Therefore, I respectfully dissent.

Louisiana Revised Statute 38:2212(B)(5) addresses the manner and particular requirements for establishing the authority of the person signing the bid, and provides as follows:
Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:
(a) The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed in the most current business records on file with the secretary of state.
(b) The signature on the bid is that of an authorized representative as documented by the legal entity certifying the authority of the person.
(c) The legal entity has filed in the appropriate records of the secretary of state of this state, an affidavit, resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of state shall remain in effect and shall be binding upon the principal until specifically rescinded and canceled from the records of the office.

Prior to trial, LeBlanc Marine stipulated that its petition did not contest the rejection of its bid by the State.

A temporary restraining order enjoining the State from executing any contract in connection with the Project was signed by the trial court on October 13, 2017.

LeBlanc Marine further contended that it was entitled to an award of attorney's fees, costs and interest in the event that it was successful in its injunctive or declaratory action.

Along with its petition for intervention, SDC filed exceptions of lack of subject matter jurisdiction for mootness, no right of action, and prematurity. As to the exception of lack of subject matter jurisdiction for mootness, LeBlanc Marine, by joint motion with the State, filed a motion to dismiss its claim for injunctive relief, contending that at the time its petition was filed, it was not aware that the action it sought to restrain, i.e., execution of a contract in connection with the Project, had already occurred. As to the remaining exceptions, SDC subsequently conceded that its exception of no right of action was moot and withdrew its exception of prematurity.

Regarding the issue of attorney fees and costs, the trial court's written ruling provided:
Once this court or another court's judgment becomes final and all time delays for seeking writ and/or appeal have elapsed, the Court, upon written motion and order setting the matter for contradictory hearing will determine, if any, reasonable attorney fees and/or cost should be awarded to petitioner pursuant to La. R.S. 38:2220.1 et seq.
Accordingly, the judgment provided that the issue of whether LeBlanc Marine was entitled to recover attorney's fees pursuant to LSA-R.S. 38:2220.1 would be decided upon written motion by LeBlanc Marine and after a contradictory hearing once the January 4, 2018 judgment became final and all delays for post-judgment relief had lapsed. See Williams v. Ferry Holding, LLC, 2012-1073, p.3, n.1 (La. App. 1st Cir. 2/15/13), 2013 WL 596145 (unpublished), writ denied, 2013-0825 (La. 5/24/13), 117 So.3d 511.

In support, SDC relies on Dynamic Constructors, L.L.C. v. Plaquemines Parish Government, 2015-0271 (La. App. 4th Cir. 8/26/15), 173 So.3d 1239, writ denied, 2015-1782 (La. 10/30/15), 178 So.3d 562, and Ryan Gootee General Contractors, LLC v. Plaquemines Parish School Board & One Construction, Inc., 2015-325 (La. App. 5th Cir. 11/19/15), 180 So.3d 588. On review, we find these cases factually distinguishable and non-persuasive herein.
In Gootee, the court found that the second sentence of LSA-R.S. 38:2212(B)(5), "The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:," delineated three conditions under which signatory authority is deemed "sufficient and acceptable," and that those conditions were not alternatives to submitting the written evidence required by the first sentence. The court noted that while they were examples of written evidence deemed sufficient and acceptable to establish signatory authority, satisfying any one of those three conditions did not relieve a bidder of the first sentence's requirement to submit written evidence of that authority with its bid. The court pretermitted whether the statutory requirements of the public bid law may be supplemented by bidding instructions, where it found the two did not differ with regard to requiring submission of written evidence of signatory authority. Thus, the appellate court ultimately upheld the trial court's finding that the bidder's submission failed to comply with the Public Bid Law and bidding instructions where it did not include written evidence of authority of the person signing the bid. See Ryan Gootee General Contractors, LLC v. Plaquemines Parish School Board & One Construction, Inc., 180 So.3d at 600-602.
In Dynamic Constructors, the appellate court held that the bidder's failure to submit some form of written evidence of authority to sign the bid, such as a copy of the company's current business record on file with the Secretary of State substantiating that the signor was, in fact, a member of the limited liability company and, thus, had the requisite authority to sign the bid on the company's behalf, rendered the company's bid noncompliant and mandated a rescission of the notice of the award. See Dynamic Constructors, L.L.C. v. Plaquemines Parish Government, 173 So.3d at 1245.

It is undisputed that SDC did not submit a corporate resolution or detailed record from the Secretary of State's business filings page.