| | | |
|---|---|---|
| **BYRON E. TALBOT CONTRACTOR, INC.** | * | **NO. 2024-CA-0646** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **PLAQUEMINES PORT, HARBOR AND TERMINAL DISTRICT AND J. CALDARERA & COMPANY, INC.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 68-918, DIVISION "B"
Honorable Michael D. Clement
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)


Murphy J. Foster, III
Jacob E. Roussel
David C. Fleshman
BREAZEALE SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
P.O. BOX 3197
Baton Rouge, LA 70821-3197

      COUNSEL FOR PLAINTIFF/APPELLEE

Jimmy A. Castex, Jr.
John B. Esnard, III
W. Lee Kohler
Gothard K. Reck
CASTEX ESNARD, L.L.C.
650 Poydras Street
Suite 2415
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

Michael R.C. Riess
Johanna E. Lambert
RIESS LEMIEUX, LLC
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

    COUNSEL FOR DEFENDANT/APPELLANT


                             **AFFIRMED**

                    **APRIL 21, 2025**

*DLD*
*NEK*
*MGM*

J. Caldarera & Company, Inc. ("JCC") appeals the trial court judgment of May 23, 2024, granting a motion for permanent injunction filed by Byron E. Talbot Contractor, Inc. ("BET"). The dispute leading to this request for injunctive relief involves competing public bids from two companies seeking to serve as general contractor for a project of the Plaquemines Port, Harbor & Terminal District ("the Port") called the "Alliance Water Booster Station and Feed Line Upgrades – Feed Lines Upgrades, State Project No. H.014966 (322) – Phase II." The judgment appealed from restrained, enjoined and prohibited JCC and the Port, and those acting or claiming to act on their behalf, from taking any action in furtherance of any award of the contract for this project to any bidder other than BET, including but not limited to the signing of a contract and/or proceeding with any work pursuant to a contract for the project. The judgment was designated as final and appealable, and all costs were assessed against JCC and the Port.

**BACKGROUND**

Several companies, including JCC and BET, submitted bids to serve as general contractor on the project. The bidding documents included the three-page "Louisiana Uniform Public Work Bid Form, Unit Price Form." Attached to the

1

Public Bid Form was a list of Specifications to be used in the submission of the bids. Section 01025 of this document[1], as modified by a document entitled Addendum 1, included an item for mobilization costs, which stated as follows:

1.05 Mobilization (Item No. 1)

A. Mobilization shall consist of preparatory work and operations, including but not limited to those necessary for the movement of personnel, equipment, supplies and incidentals to the project site; the establishment of all offices, buildings and other facilities necessary for work on the project; the cost of bonds and any required insurance; and other preconstruction expenses necessary for the start of the work, excluding the cost of construction materials.

B. The price for mobilization shall not exceed 5% of the total project bid price. All work associated with mobilization shall be paid for on a lump sum basis. Partial payments shall be made in accordance with the following schedule:

| Percent of Total Contract Amount Earned | Allowable Percent of the Lump Sum Price for Temporary Signs & Barricades |
|---|---|
| 1st Partial Estimate | 25 |
| 10 | 50 |
| 25 | 75 |
| 50 | 100 |
| | |

The lowest bid was from JCC, appellant herein. JCC's total bid was $7,187,867.50. The second lowest bid was from BET, an appellee herein. The Port is also an appellee. BET's bid was $7,661.100.00. After initially awarding the contract to JCC, Kyle Associates, LLC, the engineering company handling the bidding process, determined that although JCC had submitted the lowest bid, the bid was non-responsive and was disqualified as a result. The Port found BET's bid responsive, and the contract was awarded to that company.

---

[1] The modifications in Addendum 1 changed the terms regarding the payment of mobilization costs but retained the phrase at issue in this case, which states: "The price for mobilization shall not exceed 5% of the total project bid price."

The reason Kyle Associates, LLC gave for finding JCC's bid non-responsive was based on the figure it stated for mobilization costs. While BET listed a lump sum unit price for mobilization that did not exceed 5% of its total project bid price, JCC's lump sum unit price for that item significantly exceeded 5% of its total project bid price. JCC's lump sum price for mobilization was $1,500,000.00, which is 20.86% of its total project bid price of $7,187,867.50.

JCC objected to its bid being found non-responsive, arguing that the 5% cap for mobilization costs violates the Louisiana Public Bid Law, specifically La. R.S. 38:2212(B)(2), and cannot be considered in the award of the contract under *Leblanc Marine, LLC v. Division of Administration, Office of Facility Planning & Control*, 2019-0053 (La. 10/22/19), 286 So.3d 391 (citing the holding in that case that bidding instructions which conflict with, rather than merely exceed, the statutory requirements and procedures set forth in the Public Bid Law are not valid).

The Port subsequently reversed its decision as to JCC's bid and determined that JCC was the lowest responsive and responsible bidder and should be awarded the contract. BET then filed the instant suit seeking a temporary restraining order, preliminary and permanent injunction, mandatory injunction and declaratory judgment against JCC and the Port. In its petition, BET alleged that JCC's bid failed to comply with the mobilization specification in that its price exceeded the 5% cap for that item. JCC and the Port opposed BET's request for injunctive relief.[2]

In its opposition to BET's request for injunctive relief, JCC and the Port argued that La. R.S. 38:2212(B)(2) lists only 12 items of information and

_____

[2] Following the subsequent grant of injunctive relief, the Port has aligned its position with BET.

3

documentation that can be required in bidding documents under the Public Bid Law and noted that mobilization price limitation is not one of the 12 required items. JCC and the Port further argued that a public entity's bid advertisement cannot impose more restrictive requirements than those set forth in the Public Bid Law. While the form can require that unit prices be specified, JCC and the Port argued that rejection of JCC's bid for non-compliance can only be based on whether the non-compliance constitutes an irregular bid, which is considered non-responsive. JCC argued that the 5% specification was invalid, and cannot be used to reject its bid because it dictates what a contractor can bid on a specific unit price item.

Following a hearing, the trial court granted BET's request for a permanent injunction and enjoined the Port from awarding the contract to any bidder other than BET. In reasons for judgment, the court considered JCC's argument that the Port improperly modified the Uniform Bid Form when it placed a 5% cap on mobilization costs in violation of La. R.S. 38:2212(B)(2). That statute states, in part, that "the bidding documents shall require only the following information and documentation," and then lists 12 items.

La. R.S. 38:2212(B)(2) states:

> Any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control. The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond; Acknowledgment of Addenda; Base Bid; Alternates; Signature of Bidder; Name, Title, and Address of Bidder; Name of Firm or Joint Venture; Corporate Resolution or written evidence of the authority of the person signing the bid; and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each

4

unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates. If a public entity adds any additional requirements for information, unless mandated by state or federal requirements, the requirements shall be void and not considered in the award of the contract. Any timely change by a bidder to the bid prior to submission of the bid shall be scratched through and initialed by the bidder or the person who submits the bid. The change as initialed shall be binding.

The court also noted the *Leblanc Marine* case, relied upon by all parties, and quoted the following from that case:

> The case law has recognized that a public entity may "include requirements and instructions in advertisements and bid forms that may exceed what is required by the Public Bid Law, as long as the statutory requirements are also met." *Phylway Const., LLC v. Terrebonne Par, Consol. Gov't*, 2013-1589 (La.App. 1 Cir. 9/5/14), 153 So.3d 516, 521, *writ denied*, 2014, 2677 (La. 3/13/15), 161 So.3d 642. However, the bidding instructions which conflict with, rather than merely exceed, the statutory requirements and procedures set forth in the Public Bid Law are not valid. *See Barriere Constr. Co., LLC v. Parish of Tangipahoa*, 2018-0279 (La.App. 1 Cir 9/24/18), 259 So.3d 458, 464.

*Leblanc Marine*, 2019-0053, p. 7, 286 So.3d at 396.

The court further noted that BET also relied on Section 727.05 of the Louisiana Department of Transportation and Development's ("DOTD") Standard Specifications, which states:

> When the contract does not include a pay item for mobilization, no direct payment will be made for mobilization. When the contract contains a pay item for mobilization, payment will be made at the contract lump sum price, subject to the following provisions:
>
> Partial payments for mobilization will be made in accordance with the schedule of Table 727-1 up to a maximum of 10 percent of the original total contract amount, including this item. Payment of any remaining amount will be made upon completion of all work under the contract.

Based on the above, the court granted BET's request for injunctive relief finding "it appears that the Port was not prohibited from imposing a 5% maximum

5

on mobilization costs on its bid form for the project. Because JCC's bid failed to comply with this requirement, its bid was non-responsive."

Prior to trial, the parties stipulated that the requests for preliminary and permanent injunctions would be heard together, and the resulting judgment would be final and immediately appealable under La. C.C.P. art. 1915. The standard of review for the issuance of a permanent injunction is the manifest error standard. *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 2003-2220, p. 9 (La. 4/14/04), 875 So. 2d 22, 29 (citing *Parish of Jefferson v. Lafreniere Park Foundation*, 1998-146 (La.App. 5 Cir. 7/28/98), 716 So.2d 472, 478; *Pogo Producing Co. v. United Gas Pipe Line Co.*, 511 So.2d 809, 812 (La.App. 4th Cir.1987)).

**DISCUSSION**

JCC now appeals, asserting five assignments of error.

Before addressing the assignments of error, we note that "[t]he district court's oral or written reasons for judgment form no part of the judgment, and ... appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 2009-0571, p. 77 (La. 4/1/11), 61 So. 3d 507, 572 (quoting *Bellard v. American Cent. Ins. Co.*, 2007-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671); *See also Greater New Orleans Expressway Comm'n v. Olivier*, 2002-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24 ("Appeals are taken from the judgment, not the written reasons for judgment."); La. C.C.P. arts. 1918, 2082 and 2083.

Accordingly, we find any reliance by the trial court on Section 727.05 of the DOTD's Standard Specifications to be misplaced. This DOTD specification addresses the timing of how payments for mobilization costs are to be made, but it is not relevant to the issue of whether the specification in the bidding documents in this case limiting the total amount bid for mobilization costs to 5% of the total

project price bid is permissible under the Louisiana Public Bid Law, La. R.S. 38:2212, *et seq.*

In its first assignment of error, JCC argues that the trial court erred in finding its bid nonresponsive as the 5% mobilization specification is contrary to the Louisiana Public Bid Law, La. R.S. 38:2212, *et seq.* JCC cites the Louisiana Supreme Court case of *Durr Heavy Const., LLC v. City of New Orleans*, 2016-0609, p. 3 (La. 4/15/16), 189 So.3d 384, 386, and quotes from a concurring opinion in that case, which stated that the "Public Bid Law now provides an exclusive list of the only twelve items of information which a public entity can require bidders to provide in the 'bidding documents' to evaluate the bid's responsiveness." JCC argues that its bid was responsive under La. R.S. 38:2212(B)(2) and cannot be rejected for noncompliance with the 5% specification. JCC also cites the case of *Boh Bros. Construction, LLC v. Parish of Jefferson*, 2020-0472 (La.App. 5 Cir. 6/2/21), 325 So.3d 500, in which a public entity was found to have violated the Public Bid Law by imposing a header and footer requirement in the bidding documents and using the failure to do so as a basis for rejecting an otherwise lowest bidder.

We initially note that in *Boh Bros. Construction*, *supra*, the header and footer required by the public entity were to be included on the Uniform Bid Form. Here, as acknowledged by JCC in its appeal brief, the Uniform Bid Form is unmodified on its face. Thus, we find the *Boh Bros. Construction* case distinguishable for that reason.

JCC correctly notes that La. R.S. 38:2212(B)(2) sets forth an exclusive list of twelve items of information and documentation that the public entity can require bidders to provide in the bidding documents. That same section also states that

7

"[i]f a public entity adds any additional requirements for information, unless mandated by state or federal requirements, the requirements shall be void and not considered in the award of the contract."

However, BET argues that the 5% mobilization specification "is neither a requirement for 'information and documentation to be submitted by a bidder' beyond the 12 items identified in La. R.S. 38:2212(B)(2) nor an impermissible 'additional requirement for information' under La. R.S. 38:2212(B)(2)." We agree. The specification at issue did not constitute an additional requirement for information. The specification did not ask for the price of any items included in total mobilization costs.

As the *Leblanc Marine* court found, a public entity may include requirements and instructions in bid forms that may exceed what is required by the Public Bid Law, as long as the statutory requirements are also met. *Leblanc Marine*, 2019-0053, p. 7, 286 So.3d at 396. We find the bidding instruction to limit mobilization costs to no more than 5% of the total project bid price merely exceeded, but did not conflict with, the statutory requirements and procedures set forth in the Louisiana Public Bid Law, La. R.S. 38:2212, *et seq*. This assignment of error is without merit.

In its second assignment of error, JCC argues that the 5% mobilization specification is an impermissible modification of the Uniform Bid Form, and therefore the trial court erred in finding JCC's bid was nonresponsive based on JCC's noncompliance with that specification. As stated above, JCC acknowledges that the Uniform Bid Form appears unmodified on its face. However, JCC argues that the Port's inclusion of the 5% specification places a qualification on what can be included on the Form as the unit price for mobilization.

8

Citing La. R.S. 38:2212(B)(2), JCC notes that a public entity is required to use the Uniform Bid Form as promulgated, and "on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit." JCC argues that under La. R.S. 38:2212(B)(2), the public entity cannot mandate the price of a unit item. Rather, the bidder supplies the unit price. JCC contends that the 5% specification essentially adds a line qualifying and modifying the Uniform Bid Form in violation of the law and should not have been considered by the trial court.

We find no merit in JCC's argument that the Port's specification that the total costs for mobilization not exceed 5% of the total project bid price constituted an impermissible price specification. As stated above, this specification did not ask for the price of any of the enumerated items included in the description of mobilization costs in the document attached to the Public Bid Form. The inclusion of this specification was not an impermissible modification of the Uniform Bid Form. This assignment of error is without merit.

In its third assignment of error, JCC argues that the 5% mobilization specification inhibits free and unrestricted competition among bidders in violation of the Public Bid Law. JCC argues that the 5% specification is a prohibited prequalification, is anti-competitive price fixing by the public entity and fosters fraud and does not eliminate undue or excessive costs as required by the Public Bid Law. JCC cites *Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board*, 586 So.2d 1354 (La. 1991), which dealt with the question of whether a parish school board could mandate a prevailing wage in its Public Bid contracts. The Louisiana Supreme Court concluded that the school board could not

9

include such a provision in their bidding process because it constituted an impermissible "prequalification" of bidders. *Id.* at 1363.

We first note that La. R.S. 38:2212 has been amended numerous times since the 1991 *Calcasieu Parish School Board* case. Several of those amendments included language relevant to the issues in the case before us. These amendments included, among other changes, the addition in 2008 of the exclusive twelve-item list of information and documentation, *See* Acts 2008, No. 727, §1; the requirement in a 2014 amendment that public entities advertising for public work use only the Louisiana Uniform Bid Form, *See* Acts 2014, No. 759, §1; and the addition in a 2022 amendment of the line "[i]f a public entity adds any additional requirements for information, unless mandated by state or federal requirements, the requirements shall be void and not considered in the award of the contract." *See* Acts 2022, No. 774, §1.

Furthermore, we find that the requirement in the *Calcasieu Parish School Board* case that all bidders pay prevailing wage rates is distinguishable from the specification at issue in this case. Here, the specification at issue does not mandate a particular price on any item included in mobilization costs, but merely adds the requirement that total costs for mobilization expenses cannot exceed 5% of the total project bid price. We find no merit in JCC's argument that the 5% specification is a prohibited prequalification and/or that it inhibits free and unrestricted competition among bidders in violation of the Public Bid Law.

In its fourth assignment of error, JCC argues that the trial court erred in considering the 5% mobilization specification as the reason to find JCC's bid nonresponsive as it conflicts with La. R.S. 38:2212(B)(2) and is invalid on its face. JCC cites the section of that statute, which states: "[i]f a public entity adds any

10

additional requirements for information, unless mandated by state or federal requirements, the requirements shall be void and not considered in the award of the contract."

As stated above, we find the specification that mobilization costs not exceed 5% of the total project bid price was not an additional requirement for information. Rather, this bidding instruction merely exceeded, but did not conflict with, the statutory requirements and procedures set forth in the Louisiana Public Bid Law, as allowed under the holding of *Leblanc Marine*. Based on our conclusion that the 5% specification regarding total mobilization costs does not conflict with the requirements of La. R.S. 38:2212, *et seq.*, we find no merit in this assignment of error.

Finally, JCC argues that the trial court erred in substituting its judgment for the Port's good faith interpretation of its bidding documents. It argues that the Port's initial decision to award the contract to JCC was in accordance with the law, and it correctly awarded the project to JCC as the lowest responsive and responsible bidder.

We find that the Port's initial decision to award the contract to JCC was in error because it disregarded the specification that the amount stated for total mobilization costs not exceed 5% of the total project bid price. La. R.S. 38:2212(B)(1) states: "The provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity." Based on our finding that the bidding instruction to limit mobilization costs to 5% of the total project bid merely exceeded, but did not conflict with, the statutory requirements and procedures set forth in the Louisiana Public Bid Law, La. R.S. 38:2212, *et seq.*, the Port was not entitled to waive this specification and erred in doing so in

11

its initial award of the contract to JCC.  We find no merit in this assignment of error.

**CONCLUSION**

Accordingly, we find no error in the trial court judgment granting the permanent injunction in favor of BET.  The specification in the bidding instructions that limited the total amount bid for mobilization costs to 5% of the total project bid price was allowable under *Leblanc Marine*, 2019-0053, 286 So.3d 391, and did not violate the Louisiana Public Bid Law. La. R.S. 38:2212 *et seq.*  The trial court judgment is affirmed.

**AFFIRMED**